FILED
2026 Jul-30 PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

FILED
2026 JUL 30 P 1:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **ROBIN BLACK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.** |
| **v.** | ) | |
| | ) | **1:26-cv-01149-GMB** |
| **JONATHAN JOSEPH VEGA and** | ) | |
| **FREEDOM LIFE INSURANCE** | ) | |
| **COMPANY OF AMERICA** | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S MOTION TO REMAND TO THE CIRCUIT CIVIL COURT OF DEKALB COUNTY, ALABAMA**

Plaintiff, Robin Black ("Plaintiff"), appearing pro se, respectfully moves this Court pursuant to 28 U.S.C. § 1447(c) for an Order remanding this action to the Circuit Court of DeKalb County, Alabama, and in support thereof states as follows:

1. This action began where Plaintiff intended it to remain—from its inception—in the Circuit Court of DeKalb County, Alabama. Plaintiff selected that forum because it is the county in which she resides, where the alleged statutory violations were received, and where venue is expressly proper under Alabama law. Plaintiff further demonstrated her intent to remain in state court by expressly limiting her damages to $74,999.99, thereby eliminating any possibility of removal based upon diversity jurisdiction.
2. Notwithstanding Plaintiff's deliberate selection of an Alabama forum, Defendant Freedom Life Insurance Company of America removed the case to this Court based upon the presence of a federal claim under the Telephone Consumer Protection Act ("TCPA"), despite the Complaint also asserting multiple Alabama statutory causes of action arising from the same nucleus of operative facts.
3. Although federal courts possess limited jurisdiction over claims arising under federal law, removal statutes are strictly construed because removal implicates important principles of federalism and deprives a plaintiff of her chosen forum. The removing party bears the

burden of establishing that removal was proper, and any doubts concerning removal are to be resolved in favor of remand. Moreover, the Eleventh Circuit has recognized that a plaintiff's right to choose her forum is entitled to substantial deference, explaining that a defendant's right to remove and a plaintiff's choice of forum "are not on equal footing," and that uncertainties regarding removal jurisdiction are to be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

4. The circumstances surrounding the removal of this action warrant careful scrutiny by this Court.
5. The Notice of Removal contains a Certificate of Service stating that Plaintiff was served by both electronic mail and United States first-class mail on July 1, 2026. Plaintiff, however, never received either the purported email transmission or the purported mailing. As set forth more fully below, Plaintiff respectfully submits that the failure to provide notice required by 28 U.S.C. § 1446(d) presents a procedural defect supporting remand.
6. Consequently, Plaintiff remained unaware that the case had already been removed when counsel for Defendant subsequently requested additional time to investigate the allegations contained in Plaintiff's Amended Complaint and requested Plaintiff's consent to an extension of time.
7. Believing the matter remained pending before the Circuit Court of DeKalb County, Plaintiff agreed to Defendant's requested extension as a professional courtesy. Had Plaintiff known that the action had already been removed to federal court, she would have immediately evaluated the propriety of the removal and exercised her right to promptly seek remand.
8. Additionally, the Notice of Removal represents that co-defendant Jonathan Joseph Vega consented to removal, yet the removal record contains no separate written consent executed by Mr. Vega, no joinder filed on his behalf, and no appearance by counsel representing Mr. Vega. Plaintiff respectfully requests that the Court determine whether the requirements of 28 U.S.C. § 1446(b)(2)(A) have been satisfied.
9. Plaintiff submits that the totality of the procedural history—including the timing of removal, the subsequent request for additional time to investigate the allegations, Plaintiff's lack of actual notice of removal, and the resulting delay in Plaintiff's ability to

challenge removal—supports careful judicial review of whether removal was procedurally proper and whether this action should remain before this Court.

10. This Motion therefore asks the Court to examine the procedural history in its entirety, construe the removal statutes narrowly as required by longstanding precedent, resolve any doubts in favor of state-court jurisdiction, and remand this action to the Circuit Court of DeKalb County, Alabama.

## A. STATEMENT OF FACTS

11. Plaintiff, Robin Black ("Plaintiff"), is an individual residing in DeKalb County, Alabama.
12. Defendant Jonathan Joseph Vega ("Vega") is alleged to have initiated or caused the initiation of telephone solicitations and text message communications giving rise to this action.
13. Defendant Freedom Life Insurance Company of America ("Freedom Life") was subsequently added as a Defendant based upon Plaintiff's allegations that Freedom Life bears responsibility for the conduct alleged in the Amended Complaint.
14. On or about June 8, 2026, Plaintiff commenced this action by filing her Complaint in the Circuit Court of DeKalb County, Alabama (CV-2026-000019.00)
15. Thereafter, Plaintiff filed her First Amended Complaint adding Freedom Life Insurance Company of America as an additional Defendant while continuing to assert claims arising from the same series of communications that form the basis of this litigation.
16. Plaintiff's First Amended Complaint asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, together with multiple causes of action arising under Alabama law, including claims under the Alabama Telemarketing Act.
17. Plaintiff specifically alleged that venue was proper in DeKalb County because Plaintiff resides in DeKalb County and because the communications giving rise to the action were received there.
18. Plaintiff further expressly limited the total amount sought in this litigation to $74,999.99, exclusive of interest and taxable costs.
19. By expressly limiting the amount sought, Plaintiff affirmatively demonstrated her intent that this litigation proceed in Alabama state court and that diversity jurisdiction would not serve as a basis for removal.

20. On July 1, 2026, Defendant Freedom Life filed a Notice of Removal removing this action to the United States District Court for the Northern District of Alabama.
21. The Notice of Removal states that Defendant Jonathan Joseph Vega consented to removal. However, as of the filing of this Motion, the Court's docket reflects only appearances by counsel for Defendant Freedom Life Insurance Company of America. The docket does not reflect a Notice of Appearance on behalf of Defendant Vega, any filing indicating that counsel for Freedom Life also represents Defendant Vega, or any filing by Defendant Vega joining in or otherwise confirming his consent to removal.
22. Attached to the Notice of Removal was a Certificate of Service executed by counsel for Defendant stating that the Notice of Removal had been served upon Plaintiff by both electronic mail and United States first-class mail on July 1, 2026.
23. Plaintiff did not receive written notice of the removal by electronic mail.
24. Plaintiff did not receive written notice of the removal by United States mail.
25. Plaintiff has searched her email records and has been unable to locate any email transmitting the Notice of Removal.
26. Plaintiff will submit a sworn affidavit confirming these facts contemporaneously with, or in support of, this Motion.
27. Because Plaintiff did not receive the Notice of Removal, Plaintiff remained unaware that the action had been removed from the Circuit Court of DeKalb County.
28. Several days after filing the Notice of Removal, counsel for Defendant contacted Plaintiff requesting a thirty-day extension of time within which to investigate Plaintiff's allegations and prepare Defendants' response to the First Amended Complaint.
29. Specifically, counsel represented that Defendants required additional time to investigate Plaintiff's allegations, evaluate potential defenses, and determine an appropriate response to the Amended Complaint. Counsel further represented that the requested extension was necessitated by "pressing deadlines and obligations in counsel's other matters."
30. Believing the case remained pending before the Circuit Court of DeKalb County, Plaintiff agreed to the requested extension as a professional courtesy.
31. At the time Plaintiff consented to the requested extension, Plaintiff was unaware that the action had already been removed to federal court.

32. Because Plaintiff never received the Notice of Removal, Plaintiff was deprived of the opportunity to promptly evaluate the propriety of removal or timely determine whether to seek remand. Plaintiff remained unaware that the action had been removed until Monday, July 13, 2026, when Plaintiff received correspondence from the United States District Court regarding Defendants' Motion for Extension of Time. Only upon receiving that Court correspondence did Plaintiff first learn that the case had previously been removed on July 1, 2026.
33. Immediately upon learning that the action had been removed, Plaintiff contacted the Clerk of the Circuit Court of DeKalb County to determine what had occurred. The Clerk thereafter provided Plaintiff with a copy of the Notice of Removal that had been filed on July 1, 2026. Plaintiff then began reviewing the removal papers, the procedural history, and the governing statutes relating to removal jurisdiction in order to evaluate the propriety of removal and prepare the present Motion.
34. During the intervening period, Defendants had already demonstrated their ability to communicate with Plaintiff by email when counsel transmitted the July 8, 2026 request for an extension of time, and Plaintiff received official correspondence from the Court concerning that motion on July 13, 2026. Plaintiff nevertheless never received the Notice of Removal that Defendants certified had been transmitted by email and first-class mail.
35. After review, Plaintiff identified several procedural issues that Plaintiff respectfully submits warrant careful examination by this Court.
36. Plaintiff files this Motion promptly after discovering the removal and after reviewing the procedural record.
37. Plaintiff respectfully requests that this Court evaluate the removal record in its entirety and determine whether remand is appropriate under the applicable removal statutes.

## B. ARGUMENT

38. Federal courts are courts of limited jurisdiction, and removal statutes are to be strictly construed. The removing party bears the burden of demonstrating that removal was proper, and any doubts concerning the exercise of federal jurisdiction should be resolved in favor of remand.

39. While Plaintiff recognizes that federal district courts possess jurisdiction over Telephone Consumer Protection Act ("TCPA") claims pursuant to *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012), Plaintiff likewise recognizes that TCPA claims may be brought in either state or federal court. The existence of federal-question jurisdiction does not eliminate the removing party's obligation to comply with the procedural requirements governing removal. Nor does it relieve this Court of its obligation to carefully examine whether removal was accomplished in accordance with 28 U.S.C. §§ 1441, 1446, and 1447.

40. The Court Should Determine Whether Defendants Satisfied the Rule of Unanimity.

41. Plaintiff recognizes that Defendant Freedom Life relies upon the representation contained in its Notice of Removal that Defendant Jonathan Joseph Vega consented to removal.

42. Plaintiff respectfully submits, however, that the Court should independently determine whether the record demonstrates compliance with the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A). The federal docket reflects no Notice of Appearance by counsel for Defendant Vega, no filing indicating that counsel appearing for Freedom Life also represents Defendant Vega, and no filing by Defendant Vega joining in or otherwise confirming his consent to removal.

43. Moreover, subsequent correspondence from attorney Roy Taub expressly states, "We represent Freedom Life in the above-referenced lawsuit," but does not indicate that he or his firm also represents Defendant Vega.

44. Plaintiff does not contend that Defendant Freedom Life acted improperly by representing that Defendant Vega consented. Rather, Plaintiff respectfully requests that the Court determine whether the present record sufficiently demonstrates compliance with the unanimity requirement set forth in 28 U.S.C. § 1446(b)(2)(A).

45. Defendant Freedom Life cites authority from other jurisdictions for the proposition that counsel's representation regarding a co-defendant's consent is sufficient to satisfy the rule of unanimity. Plaintiff respectfully submits that, under the circumstances presented here, this Court should independently determine whether the record before it demonstrates compliance with the requirements of 28 U.S.C. § 1446(b)(2)(A). When considered together with the notice issues discussed below, Plaintiff respectfully submits that the

procedural history warrants careful judicial review of whether removal was properly accomplished.

46. Here, the procedural history presents unusual circumstances warranting the Court's review.

47. Defendants certified that written notice of the removal had been provided to Plaintiff by both electronic mail and first-class United States mail on July 1, 2026. Plaintiff, however, never received either communication. Plaintiff did not become aware that this action had been removed until July 13, 2026, when she received correspondence from this Court regarding Defendants' Motion for Extension of Time. Only after receiving that Court correspondence did Plaintiff contact the Circuit Clerk and obtain a copy of the previously filed Notice of Removal.

48. During the period in which Plaintiff remained unaware that the action had been removed, Defendants successfully communicated with Plaintiff through other means. On July 8, 2026, counsel emailed Plaintiff requesting an extension of time, explaining that additional time was needed to investigate Plaintiff's allegations, evaluate potential defenses, and because of "pressing deadlines and obligations in counsel's other matters." Plaintiff received that communication and, believing the action remained pending in the Circuit Court of DeKalb County, agreed to the requested extension as a professional courtesy. Plaintiff likewise received the Court's subsequent correspondence regarding that motion. Plaintiff nevertheless never received the Notice of Removal that Defendants certified had been provided to her.

49. Removal is an exception to a plaintiff's traditional right to choose her forum. Accordingly, removal statutes are strictly construed, and where legitimate questions exist concerning compliance with the procedural requirements for removal, remand is favored.

50. Under the circumstances presented here, Plaintiff respectfully requests that this Court exercise its authority under 28 U.S.C. § 1447(c) and remand this matter to the Circuit Court of DeKalb County, Alabama.

## C. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff's Motion to Remand;
2. Remanding this action to the Circuit Court of DeKalb County, Alabama, pursuant to 28 U.S.C. § 1447(c); and
3. Awarding such other and further relief as this Court deems just and proper.

/s/ Robin Black 7/30/26

**ROBIN BLACK**
***Plaintiff, Pro Se***
rblackal@gmail.com
1812 Alabama Avenue, NW
Fort Payne, AL 35967
(615) 519-8324

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion to Remand upon counsel of record by electronic mail to:

Michael Andrew Donaldson
adonaldson@hglawpc.com

Roy Taub
roy.taub@gmlaw.com

Jacob Mars
jacob.mars@gmlaw.com

Counsel for Defendant Freedom Life Insurance Company of America.

Additionally, although Defendant Jonathan Joseph Vega has not appeared through counsel in this action, Plaintiff is providing a copy of this Motion by U.S. Mail to Defendant Vega at the address where service of process was previously completed in the underlying state court action.

/s/ Robin Black 7/30/26

**ROBIN BLACK**
***Plaintiff, Pro Se***
rblackal@gmail.com
1812 Alabama Avenue, NW
Fort Payne, AL 35967
(615) 519-8324

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBIN BLACK,**<br>**Plaintiff,**<br><br>**v.**<br><br>**JONATHAN JOSEPH VEGA and**<br>**FREEDOM LIFE INSURANCE**<br>**COMPANY OF AMERICA**<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.**<br><br>**1:26-cv-01149-GMB** |

## AFFIDAVIT OF ROBIN BLACK

STATE OF GEORGIA
COUNTY OF DEKALB

Before me, the undersigned authority, personally appeared **Robin Black**, who, after first being duly sworn, deposes and states as follows:

1. My name is Robin Black. I am over the age of nineteen (19), competent to testify, and have personal knowledge of the matters set forth herein.
2. I am the Plaintiff in the above-captioned action.
3. I make this Affidavit in support of my Motion to Remand.
4. On July 1, 2026, Defendants filed a Notice of Removal removing this action from the Circuit Court of DeKalb County, Alabama (CV-2026-000019.00), to the United States District Court for the Northern District of Alabama. The Notice of Removal contains a Certificate of Service executed by counsel for Defendant certifying that a true and correct copy of the Notice of Removal was served upon me by both electronic mail and United States first-class mail on July 1, 2026.
5. I did **not** receive the Notice of Removal by electronic mail.
6. I did **not** receive the Notice of Removal by United States mail.

7. I have searched my email records and have been unable to locate any email transmitting the Notice of Removal or otherwise notifying me that the action had been removed on July 1, 2026.
8. Because I did not receive the Notice of Removal, I remained unaware that this action had been removed from the Circuit Court of DeKalb County.
9. On or about July 8, 2026, I received an email from attorney Roy Taub requesting a thirty-day extension of time in which Defendants could investigate the allegations contained in my First Amended Complaint and prepare a response.
10. At the time I received Mr. Taub's request, I believed the case remained pending in the Circuit Court of DeKalb County because I had never been notified that the action had been removed.
11. Based upon that understanding, I agreed to the requested extension as a professional courtesy.
12. I first became aware that this action had been removed only after receiving correspondence from the United States District Court regarding Defendants' Motion for Extension of Time on or about July 13, 2026.
13. Immediately after learning that the case had been removed, I contacted the Office of the Circuit Clerk of DeKalb County to determine what had occurred.
14. The Circuit Clerk thereafter provided me with a copy of the Notice of Removal that had been filed on July 1, 2026.
15. The copy of the Notice of Removal provided by the Circuit Clerk on July 13, 2026, was the first notice I received that this action had been removed from the Circuit Court of DeKalb County and was the first time I had seen or reviewed the Notice of Removal.
16. Upon obtaining the Notice of Removal, I immediately began reviewing the removal papers, the procedural history, and the applicable statutes governing removal in order to determine whether removal had been properly effected and whether remand was appropriate.
17. The facts contained in this Affidavit are true and correct to the best of my personal knowledge.

Further Affiant sayeth not.

**DATED this 29th day of July, 2026**

Robin Black

Robin Black
Plaintiff, Pro Se

**NOTARY ACKNOWLEDGMENT**

STATE OF GEORGIA
COUNTY OF DEKALB

Subscribed and sworn to before me this 29th day of July, 2026, by Robin Black, who is personally known to me or has produced satisfactory identification.

Notary Public

PETER RIEDL
NOTARY PUBLIC
MY COMMISSION EXPIRES APRIL 27, 2027
GWINNETT COUNTY, GEORGIA

My Commission Expires: 04/27/2027