FILED
2026 Aug-17 PM 06:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROBIN BLACK,

Plaintiff,

v.

JONATHAN JOSEPH VEGA and
FREEDOM LIFE INSURANCE
COMPANY OF AMERICA,

Defendants.
___________________________________/

CASE NO.: 1:26-cv-01149-GMB

**Oral Argument Requested**

**Plaintiff's Position Unknown**

**DEFENDANT FREEDOM LIFE INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS PLAINTIFF ROBIN BLACK'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), Defendant Freedom Life Insurance Company of America ("FLICA") moves this Court to dismiss Plaintiff Robin Black's Amended Complaint, Dkt. No. 1-1 (the "Amended Complaint").

## ARGUMENT

### I. THE COMPLAINT IS DUE TO BE DISMISSED UNDER RULE 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr*., 896 F.2d 1313, 1317 (11th Cir. 1990). Dismissal for insufficient service of process is expressly authorized by Federal Rule of Civil Procedure 12(b)(5), and Plaintiff bears the burden of proof. *See, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 647 (11th Cir. 2019).

#### A. Plaintiff's Service by First Class Mail was Invalid

"A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process." *Usatorres v. Marina Mercante Nicaraguenses , S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985). Alabama law requires "strict compliance with the rules regarding service of process . . . ." *Ex parte Jenkins,* 318 So. 3d 515, 519 (Ala. 2020).

Plaintiff certified that she "served a copy of the [Amended Complaint]" upon FLICA "via the United States Postal Service, first class postage prepaid." Am. Compl. at 8. Alabama law, however, permits service by first class mail *only* if

service by certified mail, return receipt requested was attempted and refused and, even then, the mailing must be done by the court clerk. *See* Ala. R. Civ. P. 4(e). *See Origin Bank v. Cope*, No. CV 25-0350-WS-B, 2026 WL 474002, *1-2 (S.D. Ala. Feb. 19, 2026) (dismissing complaint). There is no evidence that Plaintiff ever even attempted to serve FLICA by certified mail or that it was refused, and Plaintiff's attempted service only by first class mail is invalid.

### B. No Summons was Issued or Served on FLICA

In addition to attempting to serve FLICA through an impermissible method, Plaintiff wholly failed to serve perhaps the most important paper for effectuating service, ***the summons***, in part because one was never issued. Both Federal Rule of Civil Procedure 4(c)(1) and Alabama Rule of Civil Procedure 4(i)(2)(C) require service of the summons for service to be effective. *See also Pierce v. Kyle*, 445 Fed. Appx. 201, 202 (11th Cir. 2011); *Dennis v. Still Waters Residential Ass'n, Inc.*, 18 So.3d 959, 961 (Ala. Civ. App. 2009). The envelope that Plaintiff mailed to FLICA contained (1) the circuit court's order granting Plaintiff's Motion to Amend Complaint, (2) Plaintiff's summary of her claims, and (3) the Amended Complaint. *See* Exs. A & B. There was simply no summons included in the mailing. This is because there was no summons to include. The circuit court docket reveals that Plaintiff never requested a summons for FLICA, and therefore one was never issued. *See* Dkt. No. 1-2. Without a summons for FLICA ever being issued, it obviously

could not have been served and service on FLICA could not have been valid.

## II. THE COMPLAINT IS DUE TO BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

### A. All Claims against FLICA Should be Dismissed for Failure to Plausibly Allege an Agency Relationship

Plaintiff squarely alleges that Defendant Vega placed the telephone calls and text messages to her, and asserts FLICA is vicariously liable solely "[t]o the extent discovery confirms actual authority, apparent authority, ratification, agency, or benefit . . . ." Am. Compl. at ¶ 30. She copies the same conclusory sentence in each

count. *See id.* at ¶¶ 35, 41, 48-49. Plaintiff, though, does not allege a plausible basis to find vicarious liability, requiring dismissal of all claims against FLICA.

The law is clear that simply reciting the word "agent" is not enough to plausibly allege a principal-agent relationship, which is distinct from an "insurance agent." *See, e.g.*, *Surgery Ctr. of Viera, LLC v. Cigna Health & Life Ins. Co.*, No. 6:22-CV-1605-WWB-EJK, 2023 WL 10947151, *3 (M.D. Fla. July 12, 2023) ("[C]onclusory allegations of agency without any supporting facts are not enough to properly allege agency or the existence of an agreement between Cigna and the third parties that contracted with Plaintiff.").[1] Plaintiff does not allege well-pleaded facts sufficient to permit a plausible inference of an agency relationship under any of the three common law principles (formal agency, apparent authority, and ratification). *See, e.g.*, *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019); *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1316 (S.D. Fla. 2014).

On a motion to dismiss, the Court must determine whether there is "a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Snyder v. iCard Gift Card, LLC*, No. 0:15-CV-61718-WPD, 2017 WL 10379592, *3 (S.D. Fla. May 11, 2017).

---

[1] *See also, e.g., Clemons v. State Farm Mut. Automobile Ins. Co.*, No. 1:20-CV-1050, 2020 WL 4193997, *4 (C.D. Ill. July 21, 2020) (finding plaintiff failed to plausibly alleged telemarketers allegedly calling on behalf of State Farm were in a principal-agent relationship); *Abante Rooter & Plumbing v. Farmers Group, Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, *5 (N.D. Cal. Jan. 4, 2018) (similar).

Therefore, Plaintiff must allege enough facts to show that FLICA exercised substantial control over the supposed third-party telemarketer agents' actions, ratified the agents' conduct, or represented that the agents acted with authority from FLICA. *See Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014). Plaintiff's conclusory, fact-free assertion of vicarious liability "to the extent discovery confirms" a basis for such liability is a plainly insufficient threadbare recital. *See, e.g.*, *Jessop v. Penn Nat'l Gaming, Inc.*, No. 6:18-CV-1741-ORL-37DCI, 2019 WL 5549143, *4-5 (M.D. Fla. Oct. 28, 2019) (granting motion to dismiss because "Plaintiff needs more than conclusory statements that a party is an 'agent,'" and "[n]othing in the Complaint . . . indicates that Penn National controls the internal affairs of Everi, controls how Everi operates on a daily basis, or offers more than vague, conclusory allegations of control and agency").

### B. The Claims against FLICA are Improper Claim-Splitting

Plaintiff's claims against FLICA are also due to be dismissed because, in filing claims regarding the same types of telephone calls at issue in *Black v. USHEALTH Advisors, LLC*, No. 1:25-cv-01365-CLM (N.D. Ala.) ("*Black I*"), Plaintiff has engaged in claim-splitting. The rule against claim-splitting "flows from the doctrine of *res judicata*" and "makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." *Pollitz v. Halifax Health*, No. 6:15-CV-450-ORL-37, 2015 WL 4987732, *2 (M.D. Fla. Aug. 19,

2015) (citation omitted). "It is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)). The claim-splitting doctrine "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Id.* (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)). Courts apply a two-factor test when analyzing potential claim-splitting: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover*, 857 F.3d at 841-42 (quoting *Khan v. H & R Block E. Enters., Inc.*, No. 11-20335-Civ, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011)). Both are established here.

**1. *Black I* and this Case Involve the Same Parties and Privies**

While FLICA is not a party to *Black I*, it is in privity with the defendants in that case – USHEALTH Group, Inc. ("USHG") and USHEALTH Advisors, LLC ("USHA") – for purposes of this analysis. "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). Among the types of relationships that qualify for

privity is when one entity is a subsidiary of another or two entities are sister companies, *i.e.*, companies that are ultimately owned by a common parent.[2]

FLICA is a subsidiary of USHG, and thus is a sister company of USHA, which is also a subsidiary of USHG. The corporate disclosure statements filed with this Court in Plaintiff's two cases establish that fact. *See* Dkt. No. 2; Ex. C. Privity therefore exists between FLICA and USHG and USHA for purposes of claim-splitting/res judicata. *See, e.g.*, *Jorgensen v. Sony/ATV Music Pub.*, No. 12 CIV. 1662 BMC RLM, 2012 WL 1801983, *2 (E.D.N.Y. May 10, 2012) (finding claims were barred because corporate affiliates were "all in privity for purposes of *res judicata*").

### 2. *Black I* and this Case Arise from the Same Series of Transactions

"Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842. Both *Black I* and this lawsuit are based upon alleged telephone solicitations made to Plaintiff by or on behalf of the various defendants to solicit the purchase of health insurance coverage. *See, e.g.*, Am. Compl. at ¶¶ 28-

[2] *See, e.g.*, *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 19 (1st Cir. 2003) (finding parent and subsidiary companies to be in privity); *Pignato v. PHH Mortg. Corp.*, No. 2:19-CV-00261-SCJ-JCF, 2020 WL 7382307, *3 n.3 (N.D. Ga. Apr. 17, 2020) (sister companies); *Luster v. Premier Bankcard, LLC*, No. 1:15-CV-0154-LMM, 2016 WL 7826668, *4 (N.D. Ga. June 7, 2016) (sister companies); *Everhart v. Citibank, NA.*, No. CV H-13-2752, 2015 WL 12805172, *3 (S.D. Tex. Mar. 30, 2015) (parent and subsidiary); *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 649–50 (S.D. Tex. 2012) (sister companies), *aff'd*, 527 F. App'x 278 (5th Cir. 2013).

30; Ex. D at ¶¶ 13-14. In verified interrogatory responses recently served in *Black I*, Plaintiff confirmed the overlap between the two cases when she identified 44 telephone calls at issue and added, "Later, with the case [*Black I*] ongoing, I continued to receive calls, and I have filed a separate case in Dekalb County, Abama; about those ongoing calls from an agent not named as a defendant in this case." Ex. E at Interrogatory Response No. 2. And when asked for a computation of her damages in *Black I*, Plaintiff stated "I will supplement shortly with the ongoing calls since the complaint was filed," that is, the calls identified in this lawsuit. *Id.* at Interrogatory Response No. 4.[3]

This situation is no different from what the Eleventh Circuit addressed in *Vanover*, also a TCPA case. The Eleventh Circuit rejected any differences in two sets of claims based on the alleged calls in the second lawsuit beginning "earlier than the date alleged" in the first lawsuit or involving calls made to the plaintiff's residential telephone, when her first lawsuit involved calls only to her cellular telephone. *Vanover*, 857 F.3d at 842. As in *Vanover*, these minor differences in the alleged efforts by three affiliated companies in both lawsuits to sell health insurance to Plaintiff do not change that the claims "arise from the same transaction or series of transactions," "the factual bases for both lawsuits are related in time, origin, and

[3] Plaintiff responded to the interrogatories without reciting the interrogatories. To facilitate the Court's review of the responses, FLICA attaches the interrogatories as well. *See* Ex. F.

motivation, and they form a convenient trial unit, thereby precluding [Plaintiff] from splitting [her] claims among the lawsuits." *Id.*

### C. All Claims Should be Dismissed Because Plaintiff Fails to Allege She is a Residential Telephone Subscriber

Even if Plaintiff had plausibly alleged vicarious liability against FLICA, and her claims were not barred by the rule against claim-splitting, she still fails to state a plausible claim for relief because the provisions of the Alabama Telemarketing Act (the "ATA") and TCPA under which she is suing apply only to calls to residential subscribers. *See* 47 U.S.C. § 227(c) (limited to "residential telephone subscribers"); Ala. Code § 8-19C-2 (limited to a "residential subscriber"); Ala. Code § 8-19C-5 (limited to a "residential subscriber"). Neither statute defines the terms "residential telephone subscriber" or "residential subscriber." The Eleventh Circuit, however, has distinguished between a "residential telephone line" and a cellular telephone number, for example. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014). Regardless, by limiting these provisions to certain types of users – residential subscribers – Congress and the Alabama Legislature intended to exclude other types of telephone subscriptions, such as cellular and business telephone numbers.

"To invoke a statutory cause of action," "a plaintiff must belong to the class of persons to whom the statute grants a right to sue." *Food & Drug Admin. v. R. J. Reynolds Vapor Co.*, 606 U.S. 226, 232 (2025). Thus, to be able to state a plausible

claim for relief for alleged violations of these statutory provisions, Plaintiff must allege she is a residential telephone subscriber. The Amended Complaint is devoid of any such allegation. Where this issue has been raised, the courts have found allegations that the plaintiff "uses his phone as his personal residential number and has not used it for business or commercial purposes" will suffice to plausibly allege residential subscriber status. *Radvansky v. Kendo Holdings, Inc.*, 744 F. Supp. 3d 1314, 1319 (N.D. Ga. 2024). *See also Buxton v. Full Sail, LLC*, No. 6:24-CV-747-JSS-DCI, 2024 WL 5057222, *3 (M.D. Fla. Dec. 10, 2024) (denying motion to dismiss where plaintiff alleged "she uses her cell phone number for residential, not business, purposes and does not have another personal number"). Conversely, the absence of such allegations requires dismissal:

> [T]he Court agrees with Defendant that the Complaint's allegations are insufficient to plead the existence of a "residential telephone subscriber" within the meaning of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). If Plaintiff has a claim against Defendant for violating section 227(c)(5), then Plaintiff must specify the basic nature of the "residential telephone subscriber" at issue, using clear and direct allegations regarding the residential telephone number implicated and any relevant do-not-call-registry information associated with that specific phone number.

*Lawson v. Nations Health Grp., Inc.*, No. 23-80893-CIV, 2024 WL 5103503, *3 (S.D. Fla. Aug. 8, 2024).

Here, Plaintiff does not specify the basic nature of the purported residential telephone subscriber at issue, nor does she allege she uses the telephone number at

issue as her residential number, not for business or commercial use, and that she has no other personal telephone number. In the absence of those allegations, as in *Lawson*, Plaintiff has failed to sufficiently allege that she is a residential telephone subscriber for purposes of the telephone calls at issue.

### D. Counts I and II Should be Dismissed Because FLICA is Exempt

Counts I and II are brought under the ATA. The ATA, however, expressly exempts "[a]ny licensed insurance broker, agent, customer representative, or solicitor when soliciting within the scope of his or her license." Ala. Code § 8-19A-4(9). Plaintiff has alleged the telephone calls and text messages at issue were placed by co-Defendant Vega, that Vega "is a licensed insurance agent," and that she believes FLICA is vicariously liable because Vega allegedly was acting as FLICA's "appointed insurance agent . . . in connection with the marketing and solicitation of health insurance products." Am. Compl. at ¶¶ 2 & 23. These allegations squarely establish the exemption under § 8-19A-4(9) as a matter of law. *Accord Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Significantly, this exemption also precludes any liability under Plaintiff's claims asserted under Ala. Code §§ 8-19C-2 and 8-19C-5, because those provisions apply only to "telephone solicitations." For purposes of Ala. Code § 8-19C, a "telephone solicitation" "does not include communications by or on behalf of any of the exempt persons in Section 8-19A-4." Ala. Code § 8-19A-3(17). The statutory

exemption therefore means, by definition, there are no actionable telephone solicitation in this case for purposes of the ATA.[4]

### E. All Claims Based on Text Messages Must be Dismissed

Finally, to the extent they survive all the other challenges, all counts of the Amended Complaint based on the receipt of text messages must be dismissed.

Addressing the TCPA claim first, Count III attempts to assert a claim under 47 U.S.C. § 227(c)(5), but that that provision creates a private right of action that is unambiguously limited only to telephone calls, not to text messages. When "interpreting a statute, [courts] start with the plain language of the provision to be interpreted." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1303 (11th Cir. 2008). With respect to 47 U.S.C. § 227(c)(5), the plain language is dispositive that the statute does not apply to text messages, as many courts, including the Seventh Circuit and the vast majority of courts in the Eleventh Circuit to have considered the issue, have recognized.[5]

---

[4] Ala. Code § 8-19A-3 expressly provides that the definitions contained therein apply to the defined terms "[a]s used in this chapter [Chapter 19A] ***and Chapter 19C*** . . . ." (emphasis added).

[5] *See, e.g.*, *Steidinger v. Blackstone Med. Servs.*, No. 25-2398, 2026 WL 2028517, *1 (7th Cir. July 14, 2026) ("Based on the ordinary public meaning of telephone call at the time of the TCPA's enactment, as well as the context provided by surrounding provisions of § 227, we find that texts are not calls, so § 227(c)(5) does not authorize the plaintiffs' suit."); *Internicola v. MortgagePros, LLC*, No. 6:25-CV-01613-AGM-LHP, 2026 WL 2160936, *2 (M.D. Fla. June 10, 2026) (collecting cases); *Sayed v. Naturopathica Holistic Health, Inc.*, 25-cv-00847-SDM-CPT, ECF 27 (M.D. Fla. Oct. 24, 2025) ("I agree . . . that 'the statutory text here is clear, and a text message is not a 'telephone call.''"); *Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-CV-00242-LMM, 2026 WL 1098403, *5 (N.D. Ga. Apr. 20, 2026) ("Plaintiff's claim fails as a matter of law under Rule 12(b)(6) because Section 227(c)(5)'s private right of action is limited to 'telephone call[s],' a term the Court finds does not encompass text messages, contrary to the FCC's interpretation in 47 C.F.R.

Section 227(c)(5) created a private right of action only to persons who "received more than one telephone call" in violation of the do-not-call rules. 47 U.S.C. § 227(c)(5). The Supreme Court recently reiterated that a "statute's meaning is fixed at the time of enactment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). Thus, to properly interpret the term "telephone call" in § 227(c), recognizing that no ordinary person at the time that the TCPA was drafted and enacted in 1991 would have even known what a text message is, let alone have understood it to be synonymous with a telephone call, is critical and dispositive. *See, e.g., James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367, 1370 (M.D. Fla. 2026) ("The ordinary public meaning of 'telephone call' in 1991 did not include or embrace a modern text message.").[6]

It is noteworthy that since it enacted the TCPA, Congress amended the statute on multiple occasions to expressly add "text message" or "text messages" to ensure that the scope of various of the statute's restrictions was broad enough to explicitly

---

§ 64.1200(e)."); *James v. Smarter Contact, Inc.*, No. 8:25-cv-1657-KKM-SPF, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) (granting motion to dismiss on same basis and finding amendment would be futile); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 WL 456919, *3–5 (N.D. Ga. Feb. 17, 2026) (granting motion to dismiss on same basis); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, *2–3 (N.D. Ga. Feb. 12, 2026) (granting motion for judgment on the pleadings on same basis); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272–76 (N.D. Fla. 2025) (granting motion to dismiss on same basis); *see also Lopresti v. Nouveau Essentials Marketing, LLC*, No. 5:25-cv-00282-CEM-PRL, 2026 WL 964758, *4-6 (M.D. Fla. Feb. 26, 2026) (recommending granting motion for judgment on the pleadings on same basis).

[6] Even today, no ordinary person today would understand the term "telephone call" to mean "text message." *See, e.g.*, *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) ("Certainly, no ordinary person would think of a text message as a '*telephone* call.'").

cover both a "call" and a "text message," establishing the two concepts are separate. *See* Pub. L. 115-141, 132 Stat. 348 § 503 (Mar. 23, 2018) (amending 47 U.S.C. § 227(e)); Pub. L. 116-105, 133 Stat. 3274 § 10 (Dec. 30, 2019) (amending 47 U.S.C. §§ 227(i) and (j)). Together, the language in these TCPA provisions demonstrate Congress's understanding that a call and a text message are not one and the same.

While Congress has amended certain provisions of the TCPA to include text messages within its scope, it has not so amended § 227(c)(5). "When Congress uses different terms, [courts] expect that [those terms] hold different meanings." *Fernandez v. Seaboard Marine Ltd.*, 135 F.4th 939, 958 (11th Cir. 2025). In the TCPA, one portion of the statute uses the term(s) "call or text message" while another merely uses the term "telephone call." The only permissible conclusion to reach from this difference is that the latter term is intentionally narrower than the former. Simply stated, "telephone call" as used in § 227(c)(5) does not include text messages.

To the extent Plaintiff may rely upon a broader interpretation of "call" by the Federal Communications Commission ("FCC"), that is of no moment in deciding the plain meaning of the statutory text. There is no question now that it "remains the responsibility of the court to decide whether the law means what the agency says." *Loper Bright*, 603 U.S. at 392 (quotation omitted). The courts are not bound by the FCC's interpretation, but rather "interpret the statute as courts traditionally

do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025). Even when providing "'appropriate respect' to an agency's view," a court cannot "adopt[ ] a statutory interpretation that conflicts with the ordinary public meaning of clear statutory text." *Davis*, 797 F. Supp. 3d at 1275. Because the private right of action under 47 U.S.C. § 227(c)(5) is limited to telephone calls, and does not apply to text messages, Count III must be dismissed as pleaded to the extent it is based on receipt of allegedly violative text messages.

The same is true with Counts I and II, which attempt to assert claims under Ala. Code §§ 8-19A-12, 8-19C-2, and 8-19C-5. Section 8-19A-12 applies to a "telephone call" and Sections 8-19C-2 and 8-19C-5 apply to a "telephone solicitation," the latter of which is defined, in relevant part, as "[a] voice communication over a telephone line." Ala. Code § 8-19A-3(17). Thus, neither term extends to a text message. *See Underwood v. IFA Holdings, LLC,* No. 1:21-CV-00830-ACA, 2022 WL 2307738, *6 (N.D. Ala. June 27, 2022) (dismissing ATA claim based only upon receipt of text messages).

## **CONCLUSION**

For the foregoing reasons, Defendant Freedom Life Insurance Company of America respectfully requests that the Court enter an order dismissing the claims against FLICA and for any other relief the Court deems just and appropriate.

Dated: August 17, 2026

Respectfully submitted,

GREENSPOON MARDER LLP
By: */s/ Roy Taub*
Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Roy Taub (*pro hac vice*)
Jacob Mars
(*pro hac vice* application forthcoming)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-213-0140
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
jacob.mars@gmlaw.com
rene.vazquez@gmlaw.com
cheryl.cochran@gmlaw.com

HOLTSFORD GILLILAND HITSON
HOWARD STEVENS TULEY &
SAVARESE, P.C.
M. Andrew Donaldson (DON024)
P.O. Box 4128
Montgomery, AL 36103-4128
Phone: (334)215-8585
Fax: (334)215-7101
adonaldson@hglawpc.com

*Attorneys for Defendant Freedom Life Insurance Company of America*

## CERTIFICATE OF COMPLIANCE

Counsel for Freedom Life Insurance Company of America attempted to confer with Plaintiff *Pro Se* by e-mail on August 14, 2026 at 7:00 p.m. ET regarding the requested relief. Plaintiff has not responded as of the filing of this Motion. Therefore, Defendant has no knowledge as to Plaintiff's position regarding this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on August 17, 2026, a true and correct copy of the foregoing was served via e-mail and U.S. first class mail upon the following:

Robin Black
1812 Alabama Avenue, NW
Fort Payne, AL 35967
(615) 519-8324
rblackal@gmail.com

*Plaintiff Pro Se*

*/s/ Roy Taub*
ROY TAUB