FILED
2026 Aug-17 PM 06:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

ROBIN BLACK,

Plaintiff,

v.

USHEALTH ADVISORS, LLC, and
USHEALTH GROUP, INC.,

Defendants.
_________________________________________/

**CASE NO.:** 1:25-cv-01365-CLM

**DEFENDANT USHEALTH ADVISORS, LLC'S FIRST**
**SET OF INTERROGATORIES TO PLAINTIFF ROBIN BLACK**

Defendant USHEALTH Advisors, LLC ("USHA"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories to Plaintiff Robin Black, who shall serve answers to the Interrogatories in writing within thirty (30) days.

**DEFINITIONS**

1. "You," "Your," "Plaintiff" and "Black" mean Robin Black, the individual, and/or any persons or entities acting, or purporting to act, on her behalf.

2. "Lawsuit" or "Action" means the action filed in the United States District Court for the Northern District of Alabama, captioned *Black v. USHEALTH Advisors, LLC*, Case No. 1:25-cv-01365-CLM.

3. "Complaint" means the operative version of the Complaint filed by Plaintiff in the Lawsuit, presently Dkt. No. 1.

4. "Defendant" and "USHA" mean USHEALTH Advisors, LLC and anyone you contend was or is acting, or purporting to be acting, on its behalf.

5. The term "TCPA" shall mean and refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, and all regulations enacted pursuant thereto.

6. The term "ATA" shall mean and refer to the Alabama Telemarketing Act and all regulations enacted pursuant thereto.

7. The term "Text Message(s)" means all text messages (and, if alleged, any other form of solicitation) that you contend to have received from or on behalf of Defendant, including but not limited to those alleged in the Complaint.

8. The term "Telephone Call(s)" means all telephone calls (and, if alleged, any other form of solicitation) that you contend to have received from or on behalf of Defendant, including but not limited to those alleged in the Complaint.

9. The term "Subject Number" means the phone number (615) 519-8324.

10. "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any

public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

11. "Document(s)" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind and description in the actual or constructive possession, custody, care or control of the Defendants, which pertain directly or indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications (including Communications, defined below), notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank checks, charge slips, receipts, calendars, diaries, recordings, data sheets and Electronic Records (as defined below) in any form.

12. "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received, or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. In response to this request, ESI should be produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

13. "Communications" mean any oral or written statement, dialogue, colloquy, discussion, conversation, or other transfer of thoughts or ideas between persons and/or entities.

14. "Relating" or "related to," "evidencing," and "reflecting" mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out

of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

15. The conjunctions "and" and "or" mean "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Request.

16. The term "each" means "each and every" and the term "every" means "each and every."

17. All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of the particular Request.

## INSTRUCTIONS

1. These Interrogatories are continuing in nature and the responses must be supplemented by you at such time in the future as any facts, information and documents discovered hereafter shall have been ascertained, and such supplemental responses shall be served upon the undersigned attorneys reasonably after such discovery. The original of the responses are to be served on Defendant's attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2. “Identify” or “describe” means the following:

a. When used in connection with natural persons, “identify” or “describe” means to state the person’s full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person’s knowledge, where such knowledge was obtained, whether such knowledge was discussed with You, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

b. When used in connection with an entity, “identify” or “describe” means to state the entity’s full name, last known address(es) and telephone number(s), and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

c. When used in connection with an act, “identify” or “describe” means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

d. When used in connection with documents, “identify” or “describe” means to state the nature of the document (*e.g.*, memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date. If the document has already been produced, it can be identified by the Bates number given to it at the time of production. If the document has not been previously produced, then Westgate requests that it be produced, pursuant to Fed. R. Civ. P. 34, along with Plaintiff’s response to these Interrogatories.

e. When used in connection with an oral communication, “identify” or “describe” means to state the time, date, place, and means of the oral communication (*e.g.*, telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

3. If you assert that any information called for by these Interrogatories is protected against disclosure by the attorney's work product doctrine, attorney-client privilege, or other similar grounds, you shall provide the following information with respect to such information or document: (a) the author(s) or speaker, including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document or information; (c) the name and capacity of all addressees and recipients of the original or copies of a document or the information; (d) all persons to whom the information or document was distributed, shown or explained; (e) the date the information was first known or a withheld document was created and/or dated; (f) the source from which the information or document was derived; and (g) the nature of the privilege asserted or other basis upon which you contend that you are entitled to withhold the information or document.

4. If you object to any portion of an Interrogatory, provide all information responsive to the portion to which you do not object.

5. Unless otherwise instructed, the relevant time period for all interrogatories directed to Plaintiff is from August 19, 2021 through the date you finish responding to this Set of Interrogatories.

**INTERROGATORIES**

1. State the name, current residential addresses, current business address, and title for You and all persons You consulted and/or who provided information or assistance to You in responding to these Interrogatories.

2. Identify the total number of Text Messages and Telephone Calls You claim to have received from Defendant or a third party allegedly texting and/or calling on its behalf, and for each alleged text message and telephone call, state the date, approximate time, and the names (if any) of persons or entities identified by the sender and/or caller, Your physical location at the time of each text message and telephone call, and describe with specificity the content and subject matter of each text message and telephone call, including but not limited to any instances in which You requested to no longer be called or contacted.

3. Describe and identify any and all communications between You and Defendant, including the dates on which each such alleged communication took place.

4. Describe and quantify any injury, damages, or harm (economic or otherwise) that You claim to have suffered as a result of the alleged violation(s) by Defendant, if any, and identify with particularity any documents supporting such injury, damages, or harm.

5. Describe and identify all facts evidencing that Defendant's alleged conduct toward You was "knowing" and/or "willful" as alleged in the Complaint.

6. Identify the specific date when Plaintiff acquired the Subject Number and the steps Plaintiff took to register the Subject Number on the National Do-Not-Call List.

7. Identify and describe the following information relating to Your telephone service for all telephone numbers registered or assigned to You, anyone else in Your household, or for which You or they have been the customary user since January 2020, including but not limited to the Subject Number: the name of the subscriber, the name of the carrier(s) (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type of phone (e.g., cellular telephone, business number, voice over Internet Protocol ("VoIP") number), and whether the carrier assesses a specific charge for incoming calls and/or text messages. If any of Your telephone numbers switched from being associated with one type of phone to another type of phone (e.g., cellular phone, residential line, or some other type of phone), identify when the switch occurred, identify the type of phones switched, and identify the phone numbers associated therewith.

8. Identify any business purposes for which You use or have ever used the Subject Number since You started using Your cell phone, including but not limited to any use in an advertisement, email, business card, business stationery or letterhead, commercial website, professional association, networking group or

website, social media post, business record, communications with co-workers or current or prospective clients, LinkedIn profile, or a government filing in connection with a business, and including but not limited to in connection with Robin Black Piano Studio.

9. Identify Your business(es), Your position, duties, and responsibilities at Your business(es), and the telephone number(s) You use in connection with Your business(es), including but not limited to Robin Black Piano Studio.

10. Identify all telephone numbers over the last four years that You regularly used for any business or nonpersonal purpose.

11. Have You ever been a plaintiff, defendant, or class representative in any other lawsuit since January 2021? If so, please provide the style of the case, the case caption, the case number, the jurisdiction, the nature of the dispute, and whether You were a plaintiff or defendant.

12. Identify all demands, claims, or lawsuits asserting violations of the Telephone Consumer Protection Act and/or Alabama Telemarketing Act that You have made, directly or indirectly through an attorney, including the date of the demand, claim, or lawsuit, the name of the party that was alleged to have violated the TCPA and/or ATA, and the case numbers and courts of any lawsuits since January 2021.

13. Identify for each year from 2021 through the present date, the amount of compensation, money, or income that You, Your counsel, any entities that You controlled, and any charitable organizations received from a violation of the TCPA and/or ATA that You claimed, itemizing for each category of recipients (*i.e.*, You, Your counsel, any entities that You controlled, and any charitable organizations).

14. Identify for the service account associated with the Subject Number any and all instances from 2021 through the present date: (a) any person or entity other than Plaintiff who made a payment on the account; (b) any person or entity who reimbursed Plaintiff for a payment on the account; and (c) any deduction given as a business expense for charges or fees incurred for the service account.

Dated: January 23, 2026

Respectfully submitted,

GREENSPOON MARDER LLP

/s/ *Roy Taub*

Jeffrey A. Backman (Fla. Bar No. 662501)
(*limited admission*)
Roy Taub (Fla. Bar No. 116263)
(*limited admission*)
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

HOLTSFORD GILLILAND HITSON
HOWARD STEVENS TULEY &

SAVARESE, P.C.

M. Andrew Donaldson (DON024)
P.O. Box 4128
Montgomery, AL 36103-4128
Phone: (334)215-8585
Fax: (334)215-7101
adonaldson@hglawpc.com

*Attorneys for Defendants*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 23, 2026, a true and correct copy of the foregoing was served via e-mail to:

Michael F. Braun (4167U50M)
5016 Centennial Blvd., Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

L. Landis Sexton (5057N71L)
3116 Southview Avenue
Montgomery, AL 36106
(334) 303-9359
Landis7777@gmail.com

*Attorneys for Plaintiff*

*/s/ Roy Taub*
ROY TAUB