FILED
2026 Nov-23 PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

ROBIN BLACK, **CASE NO.:** 1:25-cv-01365-CLM

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS,**
**LLC'S OPPOSED MOTION TO CONSOLIDATE**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby files this motion pursuant to Fed. R. Civ. P. 42(a), for entry of an order consolidating this action with *Black v. Vega*, No. 1:26-cv-01149-CLM (N.D. Ala.) ("*Vega*"), and in support thereof states the following.[1]

**PRELIMINARY STATEMENT**

Plaintiff is a serial litigant, with this being one of dozens of lawsuits, including seven in federal court, that she has filed under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[2] Apparently Plaintiff has gotten so in

---

[1] Defendant Freedom Life Insurance Company of America ("FLICA") is the only Defendant in the *Vega* action that has been served or appeared in that case. Counsel for USHA represents FLICA in that case, and notes that FLICA joins this Motion to Consolidate.

[2] *See Black v. Montway LLC*, No. 1:26-cv-01452-SGC (N.D. Ala.); *Black v. G Home LLC*, No. 1:25-cv-01318-CLM (N.D. Ala.); *Black v. Bottom Line Concept LLC*, No. 4:23-cv-00553-SGC (N.D. Ala.); *Black v. BroadLeaf Marketing & SEO, LLC*, No. 3:21-cv-00758 (M.D. Tenn.); *Black v. First Impression Interactive, Inc.*, No. 1:21-cv-03745 (N.D. Ill.); *Black v. SunPath Ltd.*, No. 3:21-cv-00023 (M.D. Tenn.).

the habit of filing TCPA lawsuits that she even filed a second lawsuit over what she openly contends is a continuation of the same conduct at issue in this case and by the Defendant in this case, USHA. She has made clear in discovery in this action that she will rely upon the communications at issue in the *Vega* lawsuit to show, she contends, that USHA's purported agents continued to send text messages and telephone calls to her even after she filed this lawsuit.

USHA and FLICA are both subsidiaries of USHEALTH Group, Inc., which is ultimately owned by UnitedHealth Group Incorporated. *See* Exs. A & B (corporate disclosure statements filed in this action and in *Vega*). Licensed insurance advisors that are independently contracted with USHA may offer and market insurance policies with numerous carriers, including FLICA. Vega, the advisor and named Defendant who Plaintiff alleges communicated with her about insurance, is a USHA independently contracted licensed insurance advisor. That is undisputed, and is why Plaintiff is including information and documents regarding those communications in her discovery responses *in this case*. She has pointedly stated those alleged communications were not "isolated," but are "evidence of Plaintiff's continuing contention that, despite repeated requests to cease communications, prior litigation, and prior settlements, substantially similar insurance marketing communications nevertheless continued." At a minimum, Plaintiff seeks trebled damages in this case based on "[t]he *Vega* matter . . . ."

To avoid the risk of inconsistent results and to minimize duplication and inefficiency for the parties and the Court, the Court should consolidate this action with the later-filed *Vega* lawsuit. There can be no serious dispute that the two actions involve common questions of law and fact, especially when Plaintiff affirmatively states the *Vega* case is a "continuation" of the conduct at issue in this case and counts toward the damages being sought in this case. Plaintiff will need to establish USHA's liability and responsibility for the telephone calls and text messages in both cases, of course. If kept separate, much of the same discovery would need to be conducted twice, and the Court would need to decide various questions twice. Consolidation would avoid those difficulties and no party would be prejudiced by having these two cases proceed more efficiently. For the reasons set forth in greater detail below, the Court should consolidate the two actions.

## STATEMENT OF FACTS

Plaintiff commenced this action on August 19, 2025, accusing USHA, directly or indirectly, of having "delivered, or caused to be delivered, at least 7 marketing calls and 37 marketing text message to Plaintiff's cellular number" regarding "health insurance products." *See* Ex. C at ¶¶ 9-14. The alleged communications were over a period from August 19, 2023 through January 13, 2025 allegedly by a number of licensed insurance advisors on behalf of USHA. *See id.* at ¶¶ 13a & 13b. Plaintiff alleges that USHA violated the TCPA's national

do-not-call rules and the Alabama Telemarketing Act's analogous provision.

Eight months later, on April 21, 2026, Plaintiff commenced another lawsuit, this time *pro* se, against Jonathan Joseph Vega, in the Circuit Court of DeKalb County. Plaintiff alleged telephone calls and text message from Vega from March 7, 2026 through April 6, 2026. *See* Ex. D at ¶¶ 10-15. On June 12, 2026, Plaintiff filed a First Amended Complaint, adding FLICA as a defendant. *See* Ex. E. Plaintiff alleges claims against both Vega and FLICA under both the TCPA and the Alabama Telemarketing Act's do-not-call rules, along with a claim under the ATA for "failure to identify telephone solicitor" because Vega allegedly used the alias "Jonathan Locke." *See id.* at ¶¶ 32-49.

USHA and FLICA are sister companies. Both are subsidiaries of USHEALTH Group, Inc., which is ultimately owned by UnitedHealth Group Incorporated. *See* Exs. A & B. As its website states, USHEALTH Group, Inc. sells insurance underwritten by, among other companies, Freedom Life Insurance Company of America. *See* Ex. F. That means that when a USHA independently contracted licensed insurance advisor, such as, for example, Vega, is communicating with a consumer who has expressed interest in insurance products, he or she may suggest an insurance policy from FLICA, among other companies.

In discovery in this action, Plaintiff has made clear she believes that the *Vega* lawsuit is merely an extension and continuation of this lawsuit. USHA asked

Plaintiff to identify all text messages and telephone calls Plaintiff "claim[s] to have received from Defendant [USHA] or a third party allegedly texting and/or calling on its behalf . . . ." Ex. G at Interrog. No. 2. Plaintiff responded,

> At the time of the filing of the case, as stated in the Complaint paragraphs 13-16 I had received the 7 calls and 37 texts. ***Later, with the case ongoing, I continued to receive calls, and I have filed a separate case in Dekalb County, Alabama; about those ongoing calls from an agent not named as a defendant in this case.***

Ex. H at Resp. No. 2 (emphasis added). Thus, it is Plaintiff's position that the text messages and telephone calls at issue in the *Vega* lawsuit are a continuation of text messages and telephone calls from USHA or on its behalf.

Plaintiff was also asked to "[d]escribe and quantify any injury, damages, or harm . . . that You claim to have suffered as a result of the alleged violation(s) by Defendant [USHA] . . . ." Ex. G at Interrog. No. 4. Plaintiff's initial supplemental response stated, in part, "I also assert damages for the ongoing operation of United Health's marketing apparatus that won't quit calling me," a reference to the communications identified in the *Vega* complaint.[3] Ex. H at Resp. No. 4.

Similarly, when asked to "[d]escribe and identify all facts evidencing that Defendant's [USHA's] alleged conduct toward You was 'knowing' and/or 'willful' as alleged in the Complaint," (Ex. G at Interrog. No. 5), Plaintiff responded, "Sued them twice before and they settled and still do it. ***Still doing it now after this***

[3] "United Health" is presumably a reference to UnitedHealth Group Incorporated, the ultimate parent company of both USHA and FLICA.

***litigation***." Ex. H at Resp. No. 5. Again, that is a reference to the communications identified in the *Vega* complaint.

As if there remained any doubt, Plaintiff's "Supplemental Response to Request No. 8" confirms the overlap in the two cases.[4] It states, in part:

> Throughout Plaintiffs interactions with individuals marketing USHEALTH-affiliated insurance products, Plaintiff consistently requested basic identifying information, including the identity of the person soliciting insurance and the company on whose behalf the solicitation was being made. Rather than providing transparent identifying information at the outset of the solicitation, Plaintiff contends that the marketing process repeatedly delayed or obscured the identity of the solicitor. In the Vega matter, the individual initiating the solicitation identified himself as "Jonathan Locke" before later providing a business card identifying himself as Jonathan Vega (NPN #21557263), while the Florida Department of Financial Services records reflect that his insurance license is issued under the name Jonathan Joseph Vega. Plaintiff submits this evidence because it demonstrates the difficulty Plaintiff encountered in identifying the individual soliciting insurance products and independently verifying the solicitor's licensing information despite repeated requests for identifying information.
>
> Defendants have previously argued that USHEALTH Group neither marketed insurance products nor authorized or directed the communications giving rise to Plaintiffs claims.
>
> Plaintiff is producing the attached materials because Defendants have since filed a Notice of Related Action advising this Court that the Vega/Freedom litigation is related to Plaintiffs pending lawsuit against USHEALTH Advisors, LLC and USHEALTH Group, Inc. Plaintiff believes this filing, together with the attached evidence, provides important context for the Court's consideration of the continuing communications giving rise to the Vega litigation.

[4] It is not entirely clear to which Request No. 8 this response relates.

> Plaintiff further provides publicly filed corporate disclosure statements showing that Freedom Life Insurance Company of America is a wholly owned subsidiary of USHEALTH Group, Inc. and that Freedom Life, USHEALTH Group, and USHEALTH Advisors have, in prior federal litigation, disclosed corporate relationships within the same corporate family. Plaintiff submits these publicly filed documents solely to provide context for the corporate relationships identified by Defendants themselves and to explain why the Vega litigation should not be viewed as an isolated event. Plaintiff believes the attached materials constitute a complete and good-faith supplemental response to Request for Production No. 8 and further demonstrate the continuing nature of the communications that ultimately resulted in the filing of the Vega lawsuit.
>
> **The Vega matter is not offered as evidence of an isolated communication, but as evidence of Plaintiff's continuing contention that, despite repeated requests to cease communications, prior litigation, and prior settlements, substantially similar insurance marketing communications nevertheless continued.**

Ex. I (emphasis in original). The next 72 pages of Plaintiff's production ***in this lawsuit*** relates to the *Vega* lawsuit, concluding with Plaintiff's summation that these materials "demonstrate that the Vega lawsuit arose from ***continuing*** insurance marketing communications following prior litigation," including this lawsuit. Ex. J at 1166 (emphasis added).

## ARGUMENT

## I. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 42(a)(2) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." "A district court's decision under Rule 42(a) is purely

discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1169 (11th Cir. 1995) (cleaned up) (internal quotation omitted).

The Eleventh Circuit has set out four factors that a court must determine in deciding whether to consolidate actions: "[w]hether [1] the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix*, 776 F.2d at 1495.

## II. THE ACTIONS INVOLVE COMMON QUESTIONS OF BOTH LAW AND FACT

A threshold requirement of consolidation is that the "actions before the court involve a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). This action and the *Vega* action involve common questions of both law and fact.

Plaintiff clearly regards the text messages and telephone calls placed at issue in the Complaint in *Vega* as a continuation of the alleged communications in this action, with USHA allegedly responsible for the calls by its purported agents in

both lawsuits. Indeed, Plaintiff has included documents and information about the *Vega* communications as responsive to discovery requests about USHA in this lawsuit and rejects any notion that the *Vega* communications can be "isolated" from the communications at issue in this lawsuit. *See* Exs. I & J. Thus, the two actions involve common questions of USHA's supposed liability and common facts, as the communications mentioned in the *Vega* complaint are part of discovery and the record, including at trial, in this lawsuit. Plaintiff would need to show USHA is responsible for both sets of communications, and that both sets of communications violated the TCPA and ATA. The Eleventh Circuit explained that where plaintiffs' allegations and claims "mandate[d] proof that the alleged violations were not isolated instances," consolidation "certainly would have made sense." *Young*, 59 F.3d at 1169. That is precisely what Plaintiff claims here.

The pending Motion for Judgment on the Pleadings in this action and the pending Motion to Dismiss in the *Vega* action also evidence the overlapping legal issues and determinations in the two cases. In both cases the Defendant is arguing text messages are not actionable under the TCPA's do-not-call rules, as this Court already ruled in *Conrad v. Hart Consumer Products*, No. 4:24-CV-307-CLM, 2026 WL 2741623 (N.D. Ala. Sept. 16, 2026), or on Plaintiff's ATA claim. *See* Dkt. No. 49 at 2-4, 14-15; Ex. K at 12-15. Both defendants also argue the alleged text messages and telephone calls are exempt because they were allegedly made by

or on behalf of persons licensed to sell insurance. *See* Dkt. No. 49 at 12-14; Ex. K at 11-12. The two motions also evidence that whether Plaintiff qualifies as a residential telephone subscriber (given her use of a cellular telephone number and for business purposes) and can establish vicarious liability will be among the issues that will need to be decided in both cases. *See* Dkt. No. 49 at 4-12; Ex. K at 3-5, 9-11.

It is immaterial that in these two cases brought by Plaintiff the Defendants are not identical. "[I]dentity of the parties in multiple actions . . . is not required. A substantial common question of law or fact is enough. If an appropriate common question exists, federal courts often have consolidated actions despite differences in the parties." Arthur R. Miller, 9A *Fed. Prac. & Proc. Civ.* § 2384 (3d ed. Apr. 2026). The fact that the issues in the two cases are not identical is also immaterial. "Consolidation is not barred simply because . . . there are some questions that are not common to all the actions; the critical consideration, as in other contexts under the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together . . . ." *Id.* Here, where Plaintiff has unequivocally made the *Vega* text messages and calls part of her claims against USHA in this lawsuit, as an alleged "continuation" of allegedly unlawful conduct by USHA, there can be no question that the two actions involve common questions of law and fact.

## III. ALL OF THE FACTORS WEIGH IN FAVOR OF CONSOLIDATION

The first factor requires the court to weigh the specific risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues. *See Hendrix*, 776 F.2d at 1495. Here, there is no risk of prejudice or possible confusion in consolidating the two actions, as Plaintiff has already made clear, from her perspective, that the communications pleaded in *Vega* are part of this case, what she calls a "continuation." Plaintiff will try to bring them up regardless. But consolidating the two actions together avoids the risk of inconsistent adjudications, where in one case the calls could be found violative or attributable to USHA (or FLICA) but not in the other case.

The second factor examines the burden that multiple separate lawsuits impose on the parties, witnesses, and the court's own resources. *See Hendrix*, 776 F.2d at 1495. Consolidation would undoubtedly eliminate duplicative discovery, reduce the number of witnesses who would otherwise have to testify multiple times, and conserve judicial resources by having overlapping legal and factual issues decided once in a consolidated proceeding, rather than twice. For example, if the two cases are consolidated, Plaintiff would be deposed only once, instead of being deposed twice for the cases if they are kept separate.

The third factor requires the court to compare the time it would take to resolve the cases separately against the time required to resolve them in a single

consolidated proceeding. Consolidation is favored when, as here, it would result in a more efficient and expeditious resolution of all claims. *See*, *e.g.*, *Mut. First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 284 (S.D. Ala. 1989) (granting motion to consolidate where "[b]oth actions involve common questions of law and fact, and it would promote judicial economy to deal with them as one case"). Rather than have the parties engage in discovery on overlapping facts and brief, and the Court decide, overlapping issues twice, it would be far more efficient to do so once on a consolidated basis.

The fourth factor requires the court to compare the overall expense to all parties of proceeding with a single consolidated trial versus multiple separate trials. Consolidation is appropriate where it "will prevent needless repetition, delay, or unnecessary costs . . . ." *Id.* at 283. *See also Hendrix*, 776 F.2d at 1497 (explaining "[a] joint trial saved the appellants from wasteful relitigation [and] avoided duplication of judicial effort"). Here, it will be more efficient and avoid duplication to have the common questions of fact and law regarding what Plaintiff contends is a continuation of "substantially similar insurance marketing communications" that she alleges, both in this lawsuit and in *Vega*, violate the TCPA and the ATA. Plaintiff's discovery responses and production make clear that, if the two actions maintain their separate status, she intends to present and rely upon evidence of the later communications identified in the *Vega* complaint to

support her claims in this lawsuit and, at the same time, she intends to present evidence of the earlier communications identified in this lawsuit to support her claims in the *Vega* lawsuit and to argue a "continuation" and that such alleged violations were knowing and willful. Consolidation would avoid that significant duplication and unnecessary waste of the parties' and the Court's resources.

**CONCLUSION**

For the foregoing reasons, this Court should enter an order consolidating this action with *Black v. Vega*, No. 1:26-cv-01149-CLM (N.D. Ala.), and granting any further relief the Court deems just and appropriate.

Dated: November 23, 2026

Respectfully submitted,

GREENSPOON MARDER LLP

/s/ *Roy Taub*
Jeffrey A. Backman (Fla. Bar No. 662501)
(*pro hac vice*)
Roy Taub (Fla. Bar No. 116263)
(*pro hac vice*)
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

HOLTSFORD GILLILAND HITSON HOWARD STEVENS TULEY & SAVARESE, P.C.
M. Andrew Donaldson (DON024)

P.O. Box 4128
Montgomery, AL 36103-4128
Phone: (334)215-8585
Fax: (334)215-7101
adonaldson@hglawpc.com

*Attorneys for Defendants*

## CERTIFICATION OF CONFERRAL

Undersigned counsel for USHA certifies that on November 12, 2026, he conferred by telephone with Plaintiff's counsel regarding the requested relief. Plaintiff's counsel advised that Plaintiff had no objection to consolidation. However, the next day, November 13, 2026, counsel for Plaintiff sent an e-mail to undersigned counsel stating, "Robin has informed me that she has determined to file additional matters in Vega and has reconsidered her position on consolidation. She no longer agrees to consolidation."

*/s/ Roy Taub*
ROY TAUB

# CERTIFICATE OF SERVICE

I hereby certify that, on November 23, 2026, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF. I further certify that a true and correct copy was served via e-mail and U.S. first class mail upon Plaintiff, who is proceeding *pro se* in the *Vega* action, at the following:

Robin Black
1812 Alabama Avenue, NW
Fort Payne, AL 35967
(615) 519-8324
rblackal@gmail.com

*/s/ Roy Taub*
ROY TAUB

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

FILED
2026 Aug-17 PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

ROBIN BLACK,

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
_________________________________________/

Case No. 1:25-cv-01365-CLM

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, and to enable District Judges and Magistrate Judges to evaluate Possible disqualification or recusal, the undersigned counsel for Defendants USHEALTH Advisors, LLC ("USHA") and USHEALTH Group, Inc. ("USHG") discloses the following:

1. USHA's parent corporation is USHG.

2. USHG's parent corporation is Golden Rule Financial Corporation.

3. Both USHA and USHG are wholly-owned indirect subsidiaries of UnitedHealth Group Incorporated, which is a publicly traded corporation.

Dated: August 17, 2026

Respectfully submitted,

GREENSPOON MARDER LLP

/s/ *Roy Taub*

Jeffrey A. Backman (Fla. Bar No. 662501)
(*pro hac vice*)
Roy Taub (Fla. Bar No. 116263)
(*pro hac vice*)
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120

Facsimile: 954-343-6958
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

HOLTSFORD GILLILAND HITSON HOWARD STEVENS TULEY & SAVARESE, P.C.

M. Andrew Donaldson (DON024)
P.O. Box 4128
Montgomery, AL 36103-4128
Phone: (334)215-8585
Fax: (334)215-7101
adonaldson@hglawpc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 17, 2026, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

*/s/ Roy Taub*
ROY TAUB

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

FILED
2026 Jul-02 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROBIN BLACK,

Plaintiff,

v.

JONATHAN JOSEPH VEGA and FREEDOM LIFE INSURANCE COMPANY OF AMERICA,

Defendants.

CASE NO.: 1:26-cv-01149

______________________________

**DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 3.4**

Pursuant to Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.4 of The U.S. District Court for the Northern District of Alabama, and to enable District Judges and Magistrate Judges to evaluate Possible disqualification or recusal, the undersigned counsel for Defendant Freedom Life Insurance Company of America, in the above-captioned matter, sets forth the following:

1. Freedom Life Insurance Company of America is a wholly-owned subsidiary of USHEALTH Group, Inc.

2. More than 10% of Freedom Life Insurance Company of America's stock is owned, indirectly, by UnitedHealth Group, Inc. which is a publicly traded

corporation.

Respectfully submitted,

HOLTSFORD GILLILAND HITSON
HOWARD STEVENS
TULEY & SAVARESE, P.C.
By: *<u>/s/ M. Andrew Donaldson</u>*
M. Andrew Donaldson (DON024)
P.O. Box 4128
Montgomery, AL 36103-4128
Phone: (334)215-8585
Fax: (334)215-7101
adonaldson@hglawpc.com

GREENSPOON MARDER LLP
Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Roy Taub
(*pro hac vice* application forthcoming)
Jacob Mars
(*pro hac vice* application forthcoming)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-213-0140
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
jacob.mars@gmlaw.com
rene.vazquez@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant Freedom Life Insurance Company of America*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 2, 2026, a true and correct copy of the foregoing was served via e-mail and U.S. first class mail upon the following:

Robin Black
1812 Alabama Avenue, NW
Fort Payne, AL 35967
(615) 519-8324
rblackal@gmail.com

*Plaintiff Pro Se*

*/s/ M. Andrew Donaldson*
M. ANDREW DONALDSON

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

FILED
2025 Aug-19 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBIN BLACK,** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CASE NO.: ________________** |
| | ] | |
| **USHEALTH ADVISORS, LLC,** | ] | |
| **and USHEALTH GROUP, INC.** | ] | |
| **Defendants** | ] | |

# COMPLAINT

## Nature of this Action

1. Robin Black ("Plaintiff") brings this action against Defendants USHealth Advisors, LLC and USHealth Group, Inc. ("Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Alabama Telemarketing Act, Ala. Code Title 8, Chapter 19A.

2. Upon information and good faith belief, Defendants routinely violate 47 C.F.R. §64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, multiple advertisement and marketing text messages and calls to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.
5. In particular, Defendants delivered, or caused to be delivered, the subject text messages and calls to Plaintiff's residential cellular telephone in this district, and Plaintiff received the subject text messages and calls in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Fort Payne, Alabama.
7. Defendant, USHealth Group, INC., is a corporation headquartered at 300 Burnett St, Suite 200, Fort Worth, TX 76102.
8. Defendant USHealth Advisors, LLC is a corporation headquartered at 2563 SW Grapevine Pkwy, Grapevine, TX 76051-7072

## Factual Allegations

9. Plaintiff is and has been the regular and sole user of cellular telephone number— 615-xxx-8x2x.
10. Plaintiff registered that number with the National Do Not Call registry (DNC), which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. The number was entered on that registry on November 17, 2004.

11. Plaintiff and Defendants did not have a prior existing business relationship.

12. Plaintiff did not provide Defendants prior express written consent to any form of contact.

13. Defendant, directly and/or through lead generators and its affiliates, delivered, or caused to be delivered, at least 7 marketing calls and 37 marketing text messages to Plaintiff's cellular number.

13a. Marketing Calls:

1. On August 21, 2023, at 3:02 PM CST, Plaintiff received a phone call from (813) 940-0286, during which the caller identified himself as Alex Acevedo, an agent.
2. On August 24, 2023, at 11:24 AM CST, Plaintiff received a missed call from (813) 940-0286.
3. On August 24, 2023, at 3:02 PM CST, Plaintiff received a missed call from spoofed number (619) 344-0076.
4. On August 24, 2023, at 3:03 PM CST, Plaintiff received a phone call from spoofed number (619) 344-0076. This call was recorded, during which Plaintiff notified Mr. Acevedo of her Do Not Call status. Mr. Acevedo immediately hung up following this notification.
5. On September 3, 2024, at 4:48 PM CST, Plaintiff received a recorded call from (615) 392-2027. The caller identified herself as Angela Provost, who subsequently provided her personal number (801)

390-5459 via text message. LinkedIn identifies Angela Provost as a "Licensed Health Insurance Advisor with USHEALTH Advisors."

6. On September 5, 2024, at 12:31 PM CST, Plaintiff received a recorded phone call from (813) 942-2613 with an agent who identified himself as Chick Rosas.
7. On September 14, 2024, at 10:58 AM CST, Plaintiff received a recorded phone call from (308) 456-0087, during which the agent, Chick Rosas,  provided his insurance license number.

13b. Marketing Texts:

1. On August 19, 2023, at 11:09 AM CST, Plaintiff received four (4) text messages from the spoofed number (409) 217-6020. *"Thorpe robin piano studio, I work with Brokers to set up Cost effective Healthcare rates…."*.
2. On August 21, 2023, at 11:21 AM CST, Plaintiff received one (1) text message from the spoofed number (409) 217-6020.
3. On August 21, 2023, at 5:39 PM CST, Plaintiff received one (1) text message from (813) 940-0286. *"Hey Robin its Alex! The higher end of the policies in the private side is coming out to being 470-$500 a month with no deductible under United healthcare's PPO Network."*
4. On August 22, 2023, at 9:37 AM CST, Plaintiff received two (2) text messages from (813) 940-0286. During this interaction, a policy was

also sent to her via email from Alex Acevedo (Alexyourhealthadvisor@gmail.com)

5. On September 25, 2023, at 11:11 AM CST, from (772) 265-1397, Plaintiff received the following text message: *"Thorpe robin piano studio, This is a follow-up regarding health coverage quotes Discussed either via text or call…"*

   Plaintiff received a total of five (5) text messages between September 25, 2023, and October 1, 2023 from this number.

6. On November 11, 2023, at 5:10 PM CST, from (775) 474-8808, Plaintiff received the following text message: *"Thorpe We can see you have been extremely productive lately, This is another MonthIy follow-up regrading HeaIthcare…"* Plaintiff received a total of four (4) text messages from this number between November 11 and November 15, 2023.

7. On November 18, 2023, at 3:12 PM CST, from (409) 977-9008, Plaintiff received the following text message: *"Happy Saturday! Thorpe Do not want to bother you at all. Just here to help…"* Plaintiff received a total of five (5) text messages from this number between November 18 and November 21, 2023.

8. On July 15, 2024, at 11:14 AM CST, from (804) 280-3964, Plaintiff received the following text message: *"Hey there, we have new PPO health plans without a deductible up for enrollment. Would you like*

*a quote? - Amanda"* Between July 15 and July 19, 2024, Plaintiff received six (6) text messages from this number, culminating in a Google Calendar invite from an individual identifying himself as Adam.

9. On August 28, 2024, at 9:28 AM CST, from (308) 456-0087, Plaintiff received a text message stating: *"Thorpe robin piano studio, we have new zero deductible PPO health plans up for enrollment. Would you like a quote? - Natalie*"

10. On September 4, 2024, at 7:47 PM CST, Plaintiff received a text message from (308) 456-0087.

11. On September 5, 2024, at 7:45 AM CST, Plaintiff received a text message from (308) 456-0087, outside of legally permitted telemarketing contact hours.

12. On September 5, 2024, at 9:29 AM CST, from (308) 456-0087, Plaintiff received a text message stating: *"Perfect! I have you on the schedule for 1:30pm. My senior advisor, Chick, will be reaching out to assist you further."*

13. On September 5, 2024, at 12:50 PM CST, Plaintiff received a text message from (813) 942-2613, which the agent, Chick Rosas identified as his personal cell phone. *"Hey Robin this is Chick your Health Advisor we just spoke on the phone. Here is my direct number…"*

14. On September 6, 2024, at 2:58 PM CST, Plaintiff received a text message from (308) 456-0087.

15. On September 14, 2024, at 11:06 AM CST, Plaintiff received a text message from (813) 942-2613, again identified as the agent's personal cell phone.

16. On January 13, 2025, at 11:00 AM CST, Plaintiff received a text message from (270) 310-5138. Plaintiff received a total of two (2) text messages from this number. *"Hey its Chick. I gave you my NPN National Producer Number. You should have my personal cell but I can text you over a reminder with my card."*

14. The purpose of these communications was to advertise and solicit enrollment in Defendant's health insurance products.

15. Plaintiff did not give Defendants prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages or calls.

16. Plaintiff did not request information, promotional materials, or any communications from Defendant. Plaintiff never provided her telephone number to Defendants. Plaintiff did not sign up for or request text messages from Defendants.

17. Plaintiff suffered actual harm as a result of the subject text messages and calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

18. Defendant knew, or should have known, that Plaintiff's number was on the DNC Registry and was further made aware on multiple occasions that Plaintiff did not wish to be contacted. Despite these clear notices, Defendant repeatedly initiated, or caused to be initiated, unsolicited telemarketing solicitations to Plaintiff, demonstrating a willful disregard of her rights and amounting to harassment.

**Count One**
**(Telephone Consumer Protection Act)**
**Violation of 47 U.S.C. § 227(c)(5)**

19. Plaintiff realleges and incorporates the foregoing paragraphs as though set forth fully herein.

20. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14039 (2003).

21. A text message is a "call" as defined by the TCPA. See *Duran v. La Boom Disco, Inc.,* 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

22. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

23. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

24. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

25. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

26. Defendants violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

27. Defendants knew it was initiating, or causing to be initiated, telephone solicitations to cellular telephone numbers.

28. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff is entitled to damages in an amount to be proven at trial.

## Count Two
## (Alabama Telemarketing Protection Act)
## Violation of Ala. Code 2024, 8-19C-et. seq.

29.Plaintiff realleges and incorporates the foregoing paragraphs as though set forth fully herein.

30.The Alabama Telemarketing Act prohibits telephone solicitations to persons on the DNC Registry absent express consent or an established business relationship.

31. In the absence of the federally required express written prior consent of Plaintiff or any qualifying existing business relationship, Defendants previously pled actions violating the TCPA and DNC also constitute violations of Alabama's telemarketing protection statutes.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered in her favor against Defendant as follows:

(a) Declaring that Defendant's conduct violates the TCPA and Alabama Telemarketing Act;

(b) Enjoining Defendant from making further unsolicited telemarketing calls or texts to Plaintiff and other individuals registered on the DNC Registry;

(c) Awarding Plaintiff statutory damages of $500 per violation of the TCPA, and treble damages of $1,500 per willful or knowing violation

(d) Awarding Plaintiff damages under the Alabama Telemarketing Act (Ala. Code 2024, 8-19C-et. seq.)

(e) Awarding costs, expenses, and reasonable attorneys' fees;

(f) Awarding such other and further relief as this Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

***Attorneys for Plaintiff***

/s/ Michael F. Braun

______________________________

Michael F. Braun (4167U50M)
5016 Centennial Blvd., Ste. 200
Nashville TN 37209
(615) 378-8942
mfb@braun-law.com

/s/ L. Landis Sexton
__________________________
L. Landis Sexton (5057N71L)
3116 Southview Avenue
Montgomery, AL 36106
(334) 303-9359
Landis7777@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

FILED
2025 Aug-19 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Cler purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Robin Black

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Braun, 5016 Centennial Blvd. #200 Nashville TN 37209

**DEFENDANTS**
USHEALTH ADVISORS, LLC
USHEALTH GROUP, INC

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
47 U.S.C. §227

Brief description of cause:
Violation of TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE
19 AUG 25

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael F. Braun

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 1:26-cv-01405-CLM Document 32-14 Filed 11/23/26 Page 1 of 8

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

IN THE CIRCUIT CIVIL COURT OF DEKALB COUNTY, ALABAMA

| | | |
|---|---|---|
| **ROBIN BLACK,**<br>**Plaintiff,** | )<br>) | |
| | ) | **CASE NO.** |
| vs. | ) | |
| | ) | ____________________ |
| **JONATHAN JOSEPH VEGA,**<br>**Defendant.** | )<br>) | |

**COMPLAINT**

COMES NOW Plaintiff, Robin Black ("Plaintiff"), and states her complaint against Defendant, Jonathan Joseph Vega ("Jonathan Joseph Vega" or "Defendant") as follows:

**PARTIES**

1. Plaintiff is an adult resident of DeKalb County, Alabama.

2. Upon information and belief, Defendant Jonathan Joseph Vega is an individual residing in the State of Florida and is a licensed insurance agent (NPN #21557263), who conducts business in interstate commerce, including the marketing and sale of insurance products to residents of Alabama.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to Alabama law and 47 U.S.C. § 227.

4. Venue is proper in DeKalb County because Plaintiff resides in this County and the unlawful communications were received in this County.

**BACKGROUND**

5. Plaintiff is the subscriber and user of a cellular telephone number ending in 8324 ("Cell Phone Number").

6. Plaintiff registered her Cell Phone Number on the National Do Not Call Registry on November 17, 2004, and has maintained that registration continuously.

7. Plaintiff's telephone number is protected under Alabama's Do Not Call provisions. See Ala. Code § 8-19C-2.

8. Plaintiff has not provided Defendant with prior express written consent to receive telemarketing calls or text messages.

9. Despite this, Defendant initiated a pattern of unsolicited telemarketing communications to Plaintiff between March 7, 2026 and April 6, 2026.

## TELEMARKETING COMMUNICATIONS

10. Defendant initiated at least twenty-one (21) unsolicited telemarketing calls and text messages to Plaintiff from multiple telephone numbers, including (615) 757-5922 and (813) 440-4299.

### Text Messages from (615) 757-5922 (Spoofed Number)

11. Plaintiff received the following text messages:

- March 7, 2026 – 10:16 AM
- March 7, 2026 – 7:47 PM
- March 8, 2026 – 10:16 AM (Sunday - Outside of allowed telemarketing hours in AL)
- March 18, 2026 – 2:52 PM
- March 18, 2026 – 5:46 PM
- March 18, 2026 – 6:46 PM
- March 19, 2026 – 6:46 PM
- March 20, 2026 – 10:37 AM
- March 21, 2026 – 11:42 AM
- March 23, 2026 – 9:25 PM (Outside of allowed telemarketing hours in AL)

12. The March 23, 2026 communication occurred after 8:00 PM.

13. The March 8, 2026 communication occurred on a Sunday.

**Calls and Texts from (813) 440-4299 (goes to Defendant)**

14. Plaintiff received the following calls:

- March 24, 2026 – 9:03 AM
- March 24, 2026 – 9:05 AM
- March 25, 2026 – 7:11 PM (three consecutive calls)

15. Plaintiff received the following text messages:

- March 24, 2026 – 9:06 AM
- March 24, 2026 – 9:17 AM (included marketing flyer)
- March 24, 2026 – 3:21 PM
- March 25, 2026 – 7:11 PM
- March 28, 2026 – 11:12 AM
- April 6, 2026 – 4:44 PM

## MISREPRESENTATION OF IDENTITY

16. During the March 24, 2026 communication, Defendant identified himself as "Jonathan Locke."

17. Defendant later provided a marketing flyer identifying himself as Jonathan Joseph Vega (NPN #21557263).

18. Defendant's use of a false name constitutes a failure to identify himself truthfully as required under Alabama law.

## PATTERN AND PRACTICE

19. Defendant used multiple telephone numbers and repeated contacts in a manner designed to evade identification and continue solicitation.

20. The frequency and persistence of these communications demonstrate willful and knowing conduct.

## VICARIOUS LIABILITY / AGENCY

21. Upon information and belief, Defendant was acting as an agent, representative, or contractor for one or more entities engaged in the marketing and sale of health insurance products.

22. Plaintiff has repeatedly and unequivocally revoked any consent to receive telemarketing communications related to health insurance and has taken formal legal action to enforce those rights.

23. Notwithstanding these efforts, Defendant continued to initiate unsolicited telemarketing communications, reflecting a systemic failure to maintain lawful do-not-call compliance procedures.

24. The continued contact, even after clear revocation and prior legal enforcement, evidences willful and knowing conduct.

26. To the extent Defendant acted on behalf of any third party, such party is vicariously liable for Defendant's conduct pursuant to the TCPA and Alabama law.

## COUNT I – ALABAMA DO NOT CALL VIOLATIONS

(Ala. Code § 8-19C-2, § 8-19C-7)

27. Plaintiff incorporates all prior paragraphs.

28. Defendant initiated multiple telephone solicitations to Plaintiff despite her registration on the Do Not Call Registry.

29. Defendant violated Ala. Code § 8-19C-2.

30. Plaintiff received more than one solicitation within a 12-month period.

## COUNT II – FAILURE TO IDENTIFY TELEPHONE SOLICITOR

(Ala. Code § 8-19C-5; § 8-19A-12)

31. Plaintiff incorporates all prior paragraphs.

32. Defendant failed to identify himself truthfully.

33. Defendant used the alias "Jonathan Locke."

34. This conduct violates Alabama law requiring disclosure of a solicitor's true identity.

## COUNT III – VIOLATION OF THE TCPA (DO NOT CALL REGISTRY)

(47 U.S.C. § 227; 47 C.F.R. § 64.1200)

35. Plaintiff incorporates all prior paragraphs.

36. Defendant initiated more than one telemarketing call and/or text message within a 12-month period to a number listed on the National Do Not Call Registry.

37. Defendant lacked prior express written consent.

38. Each communication constitutes a separate violation.

39. Defendant's conduct was knowing and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award:

**a.** Statutory damages of up to **$2,000 per violation** under Ala. Code § 8-19C-7, totaling up to **$48,000**;

**b.** Statutory damages of **$1,500 per violation** for willful violations, totaling up to **$33,000**;

**c.** Injunctive relief prohibiting Defendant from further telemarketing communications to Plaintiff;

**d.** Costs of this action;

**e.** For all damages and relief awarded against Defendant, including any person or entity later identified through discovery as having directed, authorized, ratified, or benefited from the conduct at issue;

**f.** Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

/s/ Robin Black 4/21/26

**ROBIN BLACK, Plaintiff**

rblackal@gmail.com

1812 Alabama Avenue, NW

Fort Payne, AL 35967

(615) 519-8324

## CERTIFICATE OF SERVICE

I certify that on ________________, I served a copy of the foregoing via the United States Postal Service, first class postage prepaid, on the following:

**Jonathan Joseph Vega**
**12198 SE 96 TERR**
**BELLEVIEW, FL 34420**

______________________________

**ROBIN BLACK, Plaintiff**

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E

# IN THE CIRCUIT CIVIL COURT OF DEKALB COUNTY, ALABAMA

| | | |
|---|---|---|
| **ROBIN BLACK,**<br>**Plaintiff,**<br><br>**v.**<br><br>**JONATHAN JOSEPH VEGA and**<br>**FREEDOM LIFE INSURANCE**<br>**COMPANY OF AMERICA**<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.**<br><br>**CV-2026-000019.00** |

## 1st AMENDED COMPLAINT

**COMES NOW** Plaintiff, Robin Black ("Plaintiff"), and states her complaint against Defendants, Jonathan Joseph Vega and Freedom Life Insurance Company of America (individually and collectively as"Defendant(s)") as follows:

## PARTIES

1. Plaintiff is an adult resident of DeKalb County, Alabama.

2. Upon information and belief, Defendant Jonathan Joseph Vega is an individual residing in the State of Florida and is a licensed insurance agent (NPN #21557263), who conducts business in interstate commerce, including the marketing and sale of insurance products to residents of Alabama.

3. Upon information and belief, Defendant Freedom Life Insurance Company of America ("Freedom Life") is a Texas insurance company authorized to conduct business in Alabama and Florida. At all times relevant to this action, Freedom Life maintained an active appointment of Defendant Jonathan Joseph Vega (NPN #21557263) for the solicitation and sale of life and health insurance products. See Exhibit H.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Alabama law and 47 U.S.C. § 227.

5. Venue is proper in DeKalb County because Plaintiff resides in this County and the unlawful communications were received in this County.

6. Plaintiff expressly limits the total amount of monetary damages sought in this action, exclusive of interest and taxable court costs, to an amount not exceeding Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($74,999.99), and affirmatively disclaims any recovery in excess of that amount.

## BACKGROUND

7. Plaintiff is the subscriber and user of a cellular telephone number ending in 8324 ("Cell Phone Number").

8. Plaintiff registered her Cell Phone Number on the National Do Not Call Registry on November 17, 2004, and has maintained that registration continuously.

9. Plaintiff's telephone number is protected under Alabama's Do Not Call provisions. See Ala. Code § 8-19C-2.

10. Plaintiff has not provided Defendant with prior express written consent to receive telemarketing calls or text messages.

11. Despite this, Defendant initiated a pattern of unsolicited telemarketing communications to Plaintiff between March 7, 2026 and April 6, 2026.

## TELEMARKETING COMMUNICATIONS

12. Defendant initiated at least twenty-one (21) unsolicited telemarketing calls and text messages to Plaintiff from multiple telephone numbers, including (615) 757-5922 and (813) 440-4299.

### Text Messages from (615) 757-5922 (Spoofed Number)

13. Plaintiff received the following text messages:

- March 7, 2026 – 10:16 AM
- March 7, 2026 – 7:47 PM
- March 8, 2026 – 10:16 AM (Sunday - Outside of allowed telemarketing hours in AL)
- March 18, 2026 – 2:52 PM
- March 18, 2026 – 5:46 PM

- March 18, 2026 – 6:46 PM
- March 19, 2026 – 6:46 PM
- March 20, 2026 – 10:37 AM
- March 21, 2026 – 11:42 AM
- March 23, 2026 – 9:25 PM (Outside of allowed telemarketing hours in AL)

14. The March 23, 2026 communication occurred after 8:00 PM.

15. The March 8, 2026 communication occurred on a Sunday.

**Calls and Texts from (813) 440-4299 (goes to Defendant)**

16. Plaintiff received the following calls:

- March 24, 2026 – 9:03 AM
- March 24, 2026 – 9:05 AM
- March 25, 2026 – 7:11 PM (three consecutive calls)

17. Plaintiff received the following text messages:

- March 24, 2026 – 9:06 AM
- March 24, 2026 – 9:17 AM (included marketing flyer)
- March 24, 2026 – 3:21 PM
- March 25, 2026 – 7:11 PM
- March 28, 2026 – 11:12 AM
- April 6, 2026 – 4:44 PM

**MISREPRESENTATION OF IDENTITY**

18. During the March 24, 2026 communication, Defendant identified himself as "Jonathan Locke."

19. Defendant later provided a marketing flyer identifying himself as Jonathan Joseph Vega (NPN #21557263).

20. Defendant's use of a false name constitutes a failure to identify himself truthfully as required under Alabama law.

## PATTERN AND PRACTICE

21. Defendant used multiple telephone numbers and repeated contacts in a manner designed to evade identification and continue solicitation.

22. The frequency and persistence of these communications demonstrate willful and knowing conduct.

## VICARIOUS LIABILITY / AGENCY

23. Upon information and belief, Defendant Vega was acting as an agent, representative, producer, contractor, and/or appointed insurance agent for Freedom Life Insurance Company of America in connection with the marketing and solicitation of health insurance products.

24. Plaintiff has repeatedly and unequivocally revoked any consent to receive telemarketing communications related to health insurance and has taken formal legal action to enforce those rights.

25. Notwithstanding these efforts, Defendant continued to initiate unsolicited telemarketing communications, reflecting a systemic failure to maintain lawful do-not-call compliance procedures.

26. The continued contact, even after clear revocation and prior legal enforcement, evidences willful and knowing conduct.

27. Florida Department of Financial Services records reflect that Defendant Vega maintained an active appointment with Freedom Life Insurance Company of America during the period in which the communications described herein occurred.

28. Upon information and belief, the communications at issue were made for the purpose of generating applications, policies, commissions, leads, customers, or other business benefiting Freedom Life.

29. Upon information and belief, Freedom Life knew or should have known that its appointed agents and producers were engaging in telemarketing activities to solicit prospective insureds.

30. To the extent discovery confirms actual authority, apparent authority, ratification, agency, or benefit, Freedom Life Insurance Company of America is jointly and severally liable for the conduct alleged herein.

31. To the extent Defendant acted on behalf of any other third party, such party is vicariously liable for Defendant's conduct pursuant to the TCPA and Alabama law.

## COUNT I – ALABAMA DO NOT CALL VIOLATIONS

(Ala. Code § 8-19C-2, § 8-19C-7)

32. Plaintiff incorporates all prior paragraphs.

33. Defendant initiated multiple telephone solicitations to Plaintiff despite her registration on the Do Not Call Registry.

34. Defendant violated Ala. Code § 8-19C-2.

35. Upon information and belief, Freedom Life is vicariously liable for the acts of Defendant Vega because Vega was acting within the scope of his appointment and agency relationship with Freedom Life.

36. Plaintiff received more than one solicitation within a 12-month period.

## COUNT II – FAILURE TO IDENTIFY TELEPHONE SOLICITOR

(Ala. Code § 8-19C-5; § 8-19A-12)

37. Plaintiff incorporates all prior paragraphs.

38. Defendant failed to identify himself truthfully.

39. Defendant used the alias "Jonathan Locke."

40. This conduct violates Alabama law requiring disclosure of a solicitor's true identity.

41. Upon information and belief, Freedom Life is liable for the acts and omissions of its appointed agent committed within the course and scope of his solicitation activities.

## COUNT III – VIOLATION OF THE TCPA (DO NOT CALL REGISTRY)

(47 U.S.C. § 227; 47 C.F.R. § 64.1200)

42. Plaintiff incorporates all prior paragraphs.

43. Defendant initiated more than one telemarketing call and/or text message within a 12-month period to a number listed on the National Do Not Call Registry.

44. Defendant lacked prior express written consent.

45. Each communication constitutes a separate violation.

46. Defendant's conduct was knowing and willful.

47. Under federal common-law agency principles recognized under the TCPA, a seller may be held vicariously liable for unlawful telemarketing conducted by its agents or representatives.

48. Upon information and belief, Defendant Vega was acting to market, solicit, or generate business for Freedom Life at the time of the communications described herein.

49. Accordingly, Freedom Life is jointly and severally liable for the TCPA violations alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award:

**a.** Statutory damages of up to **$2,000 per violation** under Ala. Code § 8-19C-7, totaling up to **$48,000**;

**b.** Statutory damages of **$1,500 per violation** for willful violations, totaling up to **$33,000**;

**c.** Injunctive relief prohibiting Defendant from further telemarketing communications to Plaintiff;

**d.** Costs of this action;

**e.** For all damages and relief awarded against Defendants, including any person or entity later identified through discovery as having directed, authorized, ratified, or benefited from the conduct at issue;

**f.** Plaintiff expressly waives and disclaims any recovery of monetary damages in excess of Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($74,999.99), exclusive of interest and taxable court costs.

**g.** Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

/s/ Robin Black 6/10/26

**ROBIN BLACK, Plaintiff**

rblackal@gmail.com

1812 Alabama Avenue, NW

Fort Payne, AL 35967

(615) 519-8324

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I served a copy of the foregoing via the United States Postal Service, first class postage prepaid, on the following:

**Freedom Life Insurance Company of America**
**ATTN: Legal Complaince**
**300 Burnett Street, Suite 200**
**Fort Worth, Texas 76102-2734**

/s/ Robin Black 6/12/26

**ROBIN BLACK, Plaintiff**

# CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I served a copy of the foregoing via the United States Postal Service, first class postage prepaid, on the following:

**Jonathan Joseph Vega**
12198 SE 96 TERR
BELLEVIEW, FL 34420

/s/ Robin Black 6/12/26

**ROBIN BLACK, Plaintiff**

# PLAINTIFF'S SUMMARY OF CLAIMS
## Black v. Vega and Freedom Life Insurance Company of America
## Circuit Court of DeKalb County, Alabama

### OVERVIEW

This case involves 22 unsolicited telemarketing calls and text messages made by Defendants Jonathan Joseph Vega, a licensed insurance agent, and Freedom Life Insurance Company of America, to Plaintiff's cellular telephone number despite Plaintiff's long-standing registration on the National Do Not Call Registry.

### KEY FACTS

- Plaintiff's number has been on the National Do Not Call Registry since November 17, 2004
- Defendants made 22 telemarketing communications between March 7, 2026 and April 15, 2026
- Communications came from (615) 757-5922 and (813) 440-4299
- Defendants did not have prior express written consent
- Florida licensing records reflect that Vega maintained an active appointment with Freedom Life Insurance Company of America during the period of the violations.

### NOTABLE VIOLATIONS

- Sunday contact (March 8, 2026)
- After-hours contact (March 23, 2026 – 9:25 PM)
- False identity: 'Jonathan Locke' vs. Jonathan Vega (NPN#21557263) Repeated and back-to-back calls demonstrating pattern conduct

### LEGAL CLAIMS

- Alabama Do Not Call Statute (Ala. Code § 8-19C-2)
- Failure to Identify Solicitor (Ala. Code § 8-19A-12)
- Telephone Consumer Protection Act (47 U.S.C. § 227)
- Vicarious liability and agency principles under Alabama law and the TCPA.

### DAMAGES SOUGHT

- Alabama: up to $42,000
- Federal TCPA: $31,500

**RELIEF REQUESTED**

- Statutory damages under state and federal law
- Injunctive relief prohibiting further contact
- Costs and any additional relief deemed appropriate

# EXHIBIT A – CALL & TEXT SUMMARY

Summary of 22 unsolicited telemarketing communications between March 7, 2026 and April 15, 2026.

# EXHIBIT A – CALL & TEXT SUMMARY

| # | Date | Time | Type | Phone Number | Description / Notes |
|---|---|---|---|---|---|
| 1 | 3/7/2026 | 10:16 AM | Text | (615) 757-5922 | Initial unsolicited marketing text |
| 2 | 3/7/2026 | 7:47 PM | Text | (615) 757-5922 | Follow-up marketing text |
| 3 | 3/8/2026 | 10:16 AM | Text | (615) 757-5922 | Sunday contact (AL violation) |
| 4 | 3/18/2026 | 2:52 PM | Text | (615) 757-5922 | Continued solicitation |
| 5 | 3/18/2026 | 5:46 PM | Text | (615) 757-5922 | Continued solicitation |
| 6 | 3/18/2026 | 6:46 PM | Text | (615) 757-5922 | Continued solicitation |
| 7 | 3/19/2026 | 6:46 PM | Text | (615) 757-5922 | Continued solicitation |
| 8 | 3/20/2026 | 10:37 AM | Text | (615) 757-5922 | Continued solicitation |
| 9 | 3/21/2026 | 11:42 AM | Text | (615) 757-5922 | Continued solicitation |
| 10 | 3/23/2026 | 9:25 PM | Text | (615) 757-5922 | After 8 PM (AL violation) |
| 11 | 3/24/2026 | 9:03 AM | Call | (813) 440-4299 | Call from Defendant |
| 12 | 3/24/2026 | 9:05 AM | Call | (813) 440-4299 | Repeat call |
| 13 | 3/24/2026 | 9:06 AM | Text | (813) 440-4299 | Used alias 'Jonathan Locke' |
| 14 | 3/24/2026 | 9:17 AM | Text | (813) 440-4299 | Provided flyer (Vega identity) |
| 15 | 3/24/2026 | 3:21 PM | Text | (813) 440-4299 | Continued solicitation |
| 16 | 3/25/2026 | 7:11 PM | Call | (813) 440-4299 | Missed call |
| 17 | 3/25/2026 | 7:11 PM | Call | (813) 440-4299 | Missed call |
| 18 | 3/25/2026 | 7:11 PM | Call | (813) 440-4299 | Missed call (3 back-to-back) |
| 19 | 3/25/2026 | 7:11 PM | Text | (813) 440-4299 | Continued solicitation |
| 20 | 3/28/2026 | 11:12 AM | Text | (813) 440-4299 | Continued solicitation |
| 21 | 4/6/2026 | 4:44 PM | Text | (813) 440-4299 | Continued solicitation |

# EXHIBIT B – DEMAND LETTER

Demand letter sent April 15, 2026 outlining violations.

April 15, 2026

Jonathan Joseph Vega
12198 SE 96 TERR
BELLEVIEW, FL 34420

Attn: Jonathan Joseph Vega, *( NPN# 21557263)*
Delivered via Text, Email, and USPS-certified mail

Re: Violations of the Telephone Consumer Protection Act (TCPA) and Alabama Code

Dear Mr. Vega;

I am contacting you today regarding communications to my phone that are in violation of the Federal TCPA as well as relevant sections of the Alabama Code. Each of these unwelcome and unwanted communications were made without my express, prior, written consent, as required by law. The illegal communications came to my phone number, **615-519-8324**, as follows:

1. 3/7/26 - 10:16 am - text from (615) 757-5922
2. 3/7/26 - 7:47 pm - text from (615) 757-5922
3. 3/8/26 SUNDAY- 10:16 am - text from (615) 757-5922 (**Outside of contact hours*)
4. 3/18/26 2:52 pm - text from (615) 757-5922
5. 3/18/26 5:46 pm - text from (615) 757-5922
6. 3/18/26 6:46 pm - text from (615) 757-5922
7. 3/19/26 6:46 pm - text from (615) 757-5922
8. 3/20/26 10:37 am - text from (615) 757-5922
9. 3/21/26 11:42 am -text from (615) 757-5922
10. 3/23/26 9:25 pm - text from (615) 757-5922 (**Outside of contact hours*)
11. 3/24/26 - 9:03 am - (813) 440-4299 - call from Jonathan Vega
12. 3/24/26 - 9:05 am - (813) 440-4299 - call from Jonathan Vega
13. 3/25/26 - 7:11 pm - (813) 440-4299 - call from Jonathan Vega
14. 3/25/26 - 7:11 pm - (813) 440-4299 - call from Jonathan Vega
15. 3/25/26 - 7:11 pm - (813) 440-4299 - call from Jonathan Vega (3 MISSED CALLS)
16. 3/24/26 - 9:06 am - (813) 440-4299 - text from Jonathan Vega
17. 3/24/26 - 9:17 am - (813) 440-4299 - text from Jonathan Vega - contact info and flyer.
18. 3/24/26 - 3:21 pm - (813) 440-4299 - text from Jonathan Vega
19. 3/25/26 - 7:11 pm - (813) 440-4299 - text from Jonathan Vega
20. 3/28/26 - 11:12 am - (813) 440-4299 - text from Jonathan Vega
21. 4/6/26 - 4:44 pm - (813) 440-4299 - text from Jonathan Vega

*47 U.S.C. §227(c)* makes two or more communications made within a 12-month period to

telephone lines listed on the National Do Not Call Registry a violation. The TCPA also provides for a private right of action, with each violation entitling me to a $500 penalty, which can be increased to $1,500 per violation. Additionally, *Alabama Code Section 8-19C-7* makes two or more communications made within a 12-month period to telephone lines of Alabama residents listed on the National Do Not Call Registry a violation. Alabama Code provides for a private right of action, with each violation entitling me to a $2000 penalty. My number was lawfully entered on the National Do Not Call Registry on November 17, 2004 (*evidence attached*).

In addition to the violations outlined above, your communications raise serious concerns regarding compliance with Florida insurance licensing laws. In your March 24, 2025, text message, you identified yourself as "Jonathan Locke," while your marketing materials clearly identify you as Jonathan Joseph Vega (NPN #21557263). The use of a false or alternate name in connection with the solicitation of insurance products constitutes a material misrepresentation and appears to violate Florida law, including but not limited to Fla. Stat. §626.611 and §626.621, which govern grounds for denial, suspension, or revocation of an insurance license, as well as §626.9541 prohibiting unfair or deceptive acts in the business of insurance. These matters will be included in formal complaints to the Florida Department of Financial Services and any other applicable regulatory authorities.

In the absence of the federally required, express, prior, written consent, or any qualifying "existing business relationship", you have violated the TCPA and Alabama Code as indicated above, thus affording me the right to pursue the statutory penalties described above, as well as the reasonable court costs.

The Alabama Telemarketing Act *(Alabama Code Section 8-19C-5)* makes it a violation to "knowingly utilize a method to block or otherwise circumvent the use of a caller identification service" and requires the caller to "identify...the company on whose behalf the solicitation is being made". My recordings of the calls prove this violation (*evidence attached via email)*. The code provides for a private right of action, with each violation of this section also entitling me to a $2000 penalty. Reasonable court costs for bringing a private right of action against you and your company are also recoverable in the event of a successful action for those violations.

Based on the number and method of the communications detailed above, the statutory penalties to which I would be entitled total **$80,500** ($1,500 for each Federal DNC violation [21 total] and $2,000 for each violation of the State DNC statute [23 total]). However, in the interest of helping you avoid the imposition and expense of civil litigation, I would like to afford you an opportunity to settle this matter for the amount of **$31,500**. In exchange for that amount, I will forgo any civil action, release you of all claims associated with the illegal communications named herein, and consider the matter closed.

Inasmuch as I am confident that the facts of this case would not support any manner of tenable defense for you, I would urge you to carefully consider accepting this generous, good faith offer to settle. Should you decline it, or fail to respond within ***5 days*** from its time-tracked delivery, please know that my offer is null and void and I reserve the privilege to pursue my rights.

Additionally, I hereby notify you to preserve all electronically stored information, recordings, copies, and backups, as defined by Rule 34 of the Federal Rules of Civil Procedure, along with any paper files that are maintained relevant to this dispute.

Finally, I would insist that you give me every assurance that the offending communications that are the subject of this matter will be the *very last* that I receive. I would also encourage you to take the necessary steps to ensure compliance with state and federal statutes moving forward, not only as a matter of protection from civil liability, but also as a courtesy to the millions of American consumers who are consistently plagued with these types of unwanted, illegal communications.

I look forward to your response, within ***5 days*** of your receipt of this notice, as directed above. I would ask that all further communication be in writing, if only as a means by which the content of that communication will be memorialized.

Respectfully,

Robin Black

Robin Black
1812 Alabama Ave. NW
Fort Payne, AL 35967
rblackal@gmail.com

# EXHIBIT C – DO NOT CALL REGISTRY

Proof of DNC registration since November 17, 2004.

Gmail

Robin Black <rblackal@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: rblackal@gmail.com

Mon, Apr 15, 2024 at 4:09 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 8324 on November 17, 2004. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

**Robin Black - Do Not Call List Verification**

Activated November 17, 2004

Your company may also verify the registration yourself by:

- Visiting DoNotCall.gov
- Clicking the blue "Verify Here" button
- Following the verification steps on the website

You can also verify the number by calling (888) 382-1222 and following the prompts

# EXHIBIT D – FALSE IDENTITY TEXT

Text identifying Defendant as 'Jonathan Locke.'

7:01

**+1 (813) 440-4299**

Text Message • SMS
Tue, Mar 24 at 9:06 AM

Hey good morning! This is Jonathan Locke health advisor. My assistant Tia set us up for a 8am CST appointment. Got a little busy?

https://blinq.me/cmbhuvi7z0e2os60mvfryxuar?bs=icl

Here's my information!



# EXHIBIT E – MARKETING FLYER

Flyer identifying Defendant as Jonathan Vega (NPN #21557263).

7:01

+1 (813) 440-4299

Text Message • SMS
Tue, Mar 24 at 9:06 AM

Hey good morning! This is Jonathan Locke health advisor. My assistant Tia set us up for a 8am CST appointment. Got a little busy?

https://blinq.me/cmbhuvi7z0e2os60mvfryxuar?bs=icl

Here's my information!




+

# EXHIBIT F – IDENTITY COMPARISON

Alias vs true identity evidence.

**+1 (813) 440-4299**

Text Message • SMS
Tue, Mar 24 at 9:06 AM

Hey good morning! This is Jonathan Locke health advisor. My assistant Tia set us up for a 8am CST appointment. Got a little busy?

https://blinq.me/cmbhuvi7z0e2os60mvfryxuar?bs=icl

Here's my information!



# EXHIBIT G – DFS COMPLAINT

Complaint submitted to Florida DFS.

Florida Department of Financial Services records further reflect that Mr. Vega maintained an active appointment with Freedom Life Insurance Company of America during the relevant time period.

April 21, 2026

Division of Consumer Services
Florida Department of Financial Services
200 East Gaines St., Tallahassee, FL 32399-0320

**Subject:** Complaint Against Licensed Insurance Agent – Jonathan Joseph Vega (NPN #21557263)

Dear Sir or Madam,

I am writing to file a formal complaint against **Jonathan Joseph Vega**, a licensed insurance agent (NPN #21557263), regarding conduct that raises serious concerns about compliance with Florida insurance laws and regulations.

On March 24, 2025, I received a text message solicitation from Mr. Vega in which he identified himself as "Jonathan Locke, health advisor." This name does not match his licensed name. However, in subsequent communications, including a marketing flyer he provided, he identifies himself as Jonathan Vega and includes his NPN number. A copy of the text message and marketing materials are attached.

This discrepancy indicates that Mr. Vega is using an alias or false name in connection with the solicitation of insurance products. Such conduct appears to constitute a material misrepresentation and raises concerns under Florida Statutes, including but not limited to:

- **Fla. Stat. §626.9541** – Unfair or deceptive acts or practices
- **Fla. Stat. §626.611 / §626.621** – Grounds for denial, suspension, or revocation of license (including misrepresentation and lack of trustworthiness)

Additionally, I have reason to believe that Mr. Vega may be experiencing financial distress, including a default related to his residence. While I understand this alone may not constitute a violation, it may be relevant to an evaluation of trustworthiness and fitness under Florida licensing standards.

This conduct occurred in the context of a broader pattern of unsolicited telemarketing communications, which I am separately addressing under the Telephone Consumer Protection Act (TCPA).

I respectfully request that your office investigate this matter and determine whether disciplinary action is appropriate. I am available to provide additional documentation, including call recordings, text message logs, and related evidence.

Thank you for your time and attention to this matter.

Sincerely,

Robin Black

Robin Black
1812 Alabama Ave. NW
Fort Payne, AL 35967
rblackal@gmail.com

# EXHIBIT H – Freedom Life Insurance Company of America Appointment Record

Florida Department of Financial Services licensing records showing Defendant Jonathan Joseph Vega (NPN #21557263) maintained an active appointment with Freedom Life Insurance Company of America during the period relevant to this action.

BLAISE INGOGLIA
CHIEF FINANCIAL OFFICER
STATE OF FLORIDA

Licensee Search

# Licensee Detail

**License #:** G229212

**Business Address:** 12198 SE 96 TERR
BELLEVIEW, FL 34420

**Email:** JONATHANV1489@GMAIL.COM

**County:** Marion

**Full Name:** VEGA, JONATHAN JOSEPH

**Mailing Address:** 12198 SE 96 TERR
BELLEVIEW, FL 34420

**Phone:** (352) 875-2679

**NPN #:** 21557263

## Continuing Education Statistics

**CE Due Date:** 12/31/2027

**Continuing Education Status:** In Progress

**Number of Hours Required:** 24

**Number of Hours Completed:** 0

### Valid Licenses

| Type | Issue Date | Qualifying Appointment |
|---|---|---|
| LIFE INCL VAR ANNUITY & HEALTH (0215) | 4/14/2025 | YES |

### Active Appointments

**LIFE INCL VAR ANNUITY & HEALTH (0215)**

| Company Name | Issue Date | Exp Date |
|---|---|---|
| FREEDOM LIFE INSURANCE COMPANY OF AMERICA | 4/16/2025 | 12/31/2027 |

### Invalid Licenses

No invalid licenses found.

### Inactive Appointments

No inactive appointments found.

Case 1:25-cv-01395-CLM Document 32-16 Filed 11/23/26 Page 1 of 3

FILED
2026 Nov-23 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT F

USHEALTH GROUP
Part of UnitedHealthcare®

Insurance underwritten by:
Freedom Life Insurance Company of America
National Foundation Life Insurance Company
Enterprise Life Insurance Company

Become an Agent | Customers / Login to MyUSHG.com | Providers

About | Member Services | Products | Markets Served | Mission of HOPE | Get a Quote



# Innovative Health Coverage tailored to your individual needs

Apply anytime of the year.

Get Started Now

## Stellar Service Reputation

**15 million+**
members covered so far

**100+ years**
of industry experience

**4 years**
insurance company of the year

**3,900+ agents**
around the country across 33 states

## Customize your package tailored for you

Flexibility and reliability are the hallmarks of our product portfolio.
Checkout our highlights & benefits.

Health | Dental | Vision

- Any Doctor, Any Hospital!
- 24 hour coverage, on or off the job
- Portable coverage
- Quality coverage available for periods of critical illness
- Wellness & Health Screening Benefits Available

View Our Products



## Apply for your health coverage in 3 simple steps

**Step 1** Call or fill out the form

**Step 2** Talk to an agent

**Step 3** Apply

Let us help you!

Get Started